■ In the Matter of MANUFACTURERS HANOVER TRUST COMPANY, as Trustee under a Trust Made by JACQUES L. STERN, as Settlor, Respondent. JACQUES L. STERN, Appellant; JACQUES F. L. STERN, Respondent. In the Matter of LEON FINLEY, as Trustee under a Trust Made by JACQUES L. STERN, as Settlor, Respondent. JACQUES L. STERN et al., Appellants.—Order, Supreme Court, New York County, entered March 25, 1977 denying appellant Jacques Loup Stern leave to file objections to the schedules of account theretofore filed by Manufacturers Hanover Trust Company, is unanimously affirmed so far as appealed from, without costs. Judgment, Supreme Court, New York County, entered June 8, 1978, dismissing the objections of Jacques Loup Stern to the first and final account of proceedings of Leon Finley, as trustee, is unanimously reversed, in the exercise of discretion, without costs, and the matter is remitted to the Supreme Court for further proceedings in accordance herewith. On June 4, 1957 Jacques Loup Stern, as settlor, entered into a trust agreement with Leon Finley, as trustee. Mr. Finley served as such trustee until April 10, 1973 when he was succeeded by Manufacturers Hanover, which in turn resigned as such trustee on August 7, 1974. Trustees Finley and Manufacturers Hanover each brought a proceeding to settle the trustee's respective accounts for the period for which each trustee had served. The present appeals involve the objections or the right to file objections by the settlor to these accounts. The basic problem in this case relates to the competency of the settlor. While there has been no adjudication of incompetency, there are sufficient facts in the record to raise a question whether in fact the settlor is competent. Maôtre Jules Dijoud, a French lawyer, was appointed as tutor ("tutelle") and guardian for the settlor by a French court. The address given for the settlor in the Manufacturers Hanover's petition is in Paris, France. Maôtre Dijoud has referred to himself as the "Committee" and "Guardian" of the settlor. The petition for accounting by Manufacturers Hanover recites that "all of the above named persons are of full age and sound mind; except" and goes on to give some of the facts as to the appointment of the tutor and guardian for the settlor by the French court. A conservatorship proceeding with respect to the settlor as proposed conservatee was brought in the Supreme Court, New York County, by the settlor's son in 1975. Pursuant to stipulation dated April 15, 1976, an order was entered discontinuing and terminating the proceeding "on its merits." But it does not appear that there was any inquiry by the court as to the merits. At a scheduled deposition of the settlor on February 1, 1978, at which the settlor failed to appear, the attorney for the settlor's French guardian stated "I do not believe that Mr. Stern is capable, in his present state, of being in default since I do not believe that he is competent to appear for any examination." And in opposition to the motion to dismiss the settlor's objections for failure to appear, this attorney referred to the settlor's "present diminished state," and "Mr. Stern's infirmity and inability to appear on an examination." Another conservatorship proceeding with respect to the settlor was apparently begun by the settlor's son in July, 1978, after the order and judgment appealed from, and is still pending. These facts are sufficient to alert the court to the possibility that the settlor may actually be incompetent although not judicially declared such. It is established principle that courts do not "shut their eyes to the special need of protection of a litigant actually incompetent but not yet judicially declared such. There is a duty on the courts to protect such litigants" (Sengstack v Sengstack, 4 NY2d 502, 509). In the light of this principle, we examine the circumstances of the present cases. Prior to April, 1977, the settlor was represented by the law firm of Donner, Fagelson, Hariton &

Berka, P. C., in these proceedings. On his behalf, that firm filed objections to Mr. Finley's account. Mr. Fagelson has filed an affirmation stating that in or about February or April, 1977 his firm was discharged by the settlor who stated that he wanted a Mr. Eisenberg substituted as his attorney. No formal stipulation of substitution was entered into. But thereafter Mr. Fagelson's firm referred all matters to Mr. Eisenberg. In December, 1977, a notice to examine the settlor in the Finley accounting proceeding was served on the Fagelson firm and they forwarded it to Mr. Eisenberg. However, Mr. Eisenberg apparently never recognized the substitution and so informed Mr. Finley's attorneys. Mr. Fagelson further said that on January 5, 1978 the settlor called their office "and spoke with one of the secretaries in our office and stated that he wished to drop the case against Leon Finley". The settlor failed to appear on the examination ordered in the Finley accounting proceeding. Nor did any attorney appear for him on the examination, although the attorneys for Maôtre Dijoud and for the settlor's son did show up in some unofficial capacity and the former made a statement. On motion of the trustee Finley, Special Term struck the settlor's objections to Mr. Finley's account stating that if the settlor "wishes to drop his objections, that is his prerogative." The appeal in the Finley proceeding is an appeal from the judgment entered on that decision. There is a preliminary question in the Finley proceeding as to whether there is a valid appeal in this court. The notice of appeal recites that appellants Jacques Loup Stern, Jules R. Dijoud, and Jacques Francois Leon Stern appeal. However, the notice of appeal is signed only by the attorneys for Jules R. Dijoud and Jacques Francois Leon Stern. No brief has been filed on behalf of Messrs. Dijoud or Jacques Leon Loup Stern. And the only brief on behalf of Jacques Loup Stern is filed by the guardian ad litem in the pending conservatorship proceeding. This is not a case where Jacques Loup Stern had attorneys acting for him and an interloper chose to file the notice of appeal. In fact, Jacques Loup Stern's representation appears to have been paralyzed between the attorneys who claimed to have been discharged and the attorney who claimed not to accept the substitution. The notice of appeal surely gave notice to the trustee, Mr. Finley, of the fact of the appeal. And presumably the settlor may ratify the filing of this notice. In the discharge of our duty to protect possibly incompetent litigants, we accept the notice of appeal as instituting an appeal on behalf of Jacques Loup Stern. In the light of the questions as to the settlor's competency, and his apparent nonrepresentation by an attorney, we think Special Term should have inquired further into the matter, if necessary appointing a special guardian to make an investigation and report to the court as to the circumstances of the settlor's default and what, if any, steps should be taken to protect the settlor's interest. (See *Sengstack v Sengstack,* 4 NY2d 502, 509, *supra.*) And in these circumstances a telephone call to an unnamed secretary in the settlor's former attorneys' office cannot be accepted as a conclusive determination by the settlor to drop his objections to Mr. Finley's account. Accordingly, in the Finley proceeding, we reverse the order of Special Term and remand for further proceedings in accordance herewith. With respect to the Manufacturers Hanover accounting proceeding, the situation is somewhat different. As the decision complained of was rendered November 10, 1976 (although the order thereon was not settled until March 23, 1977), before the discharge of the Fagelson firm, the settlor was fully represented by an attorney in the proceedings leading to that decision. And a notice of appeal dated April 19, 1977, was filed by that firm on behalf of settlor. The protection of the settlor's interests on this appeal might in other

circumstances call for the appointment by this court of a special guardian to represent his interests. But in fact a guardian ad litem appointed in the pending conservatorship proceeding has filed a brief with us. Even though that guardian ad litem was not appointed in this accounting proceeding or appeal, it would be unnecessary duplication for us to appoint another special guardian to file a brief on this appeal. While thus fully represented by an attorney, the settlor was in default for over a year in filing any objections to Manufacturers Hanover's first account, for the period to August 7, 1974. The settlor through his attorneys requested that he be granted leave to file objections to the first account 60 days after the filing of a supplemental final accounting. A party who seeks to excuse a default must state facts explaining the default and must also furnish an affidavit showing that there is merit to his substantive position. The settlor while fully represented by attorney failed to meet these requirements. We cannot say that Special Term abused its discretion in denying the application. Concur—Fein, J. P., Sandler, Bloom, Markewich and Silverman, JJ.