■ STATE OF NEW YORK ex rel. GEORGE W. HEADLEY, Respondent, v McCAULEY CONNOR et al., Appellants. — "[D]ecision and judgment", Supreme Court, New York County (Klein, J.), dated November 18, 1981, is unanimously modified, on the law and the facts, without costs, to the extent of vacating the same and remanding the matter to Special Term for further proceedings not inconsistent herewith. The writ of habeas corpus dated September 10, 1981 shall remain in effect. Pending the determination of this proceeding, appellants are restrained from removing Barbara Whitney Headley from the State of New York or assisting her to leave the State of New York (except for brief visits) without court approval. Insofar as the judgment appealed from directs appellants to surrender Mrs. Headley to the care and custody of her husband, the judgment was improper. There is no showing that Mrs. Headley needs to be in anybody's care and custody, and it is not the function of a habeas corpus proceeding to determine the "custody" of an adult competent person. As to the issue whether Mrs. Headley was being unlawfully restrained and detained by

appellants, on this record the Trial Judge was justified in his suspicions, and would have been justified in drawing unfavorable inferences against appellants from their failure to produce Mrs. Headley before the court. The question of whether a witness is within a party's control (within the meaning of the rule permitting the drawing of such inferences) "is a relative thing and depends on the nature of the case." (*People v Moore,* 17 AD2d 57, 59.) "[I]f a party who normally would be expected to call a witness in support of his case — where the witness is in a position to give substantial evidence, not merely cumulative — neither calls him nor gives explanation for failure to call him, then the jury should be permitted to draw an adverse inference." (*Supra,* at p 60.) Here Mrs. Headley is clearly, according to appellants' own position, much friendlier to appellants than she is to petitioner. She is indeed suing petitioner for a divorce. It may be, as appellants contend, that they had no way to make Mrs. Headley come to court and she was simply refusing to do so. Whether the inference should be drawn would be a question for the trier of the facts. But this is a habeas corpus proceeding in which charges are made of unlawful restraint and detainer of an elderly and apparently sick lady. In those circumstances, we think it is unsatisfactory, if not unsafe, for the court to decide whether she is being detained against her will without either the court or a representative of the court having direct contact with her. Indeed, the normal requirement in a habeas corpus proceeding is that the person who is the subject of the proceeding shall be physically produced in court. We remand for the purpose of having the court take such steps as may be necessary to have direct contact with Mrs. Headley either by the court or a representative of the court, and to determine thereafter whether Mrs. Headley is being detained against her will. This may be done either by subpoena to Mrs. Headley followed by appropriate proceedings to bring her to court if she fails to comply with the subpoena (see CPLR 2308, subd [a]), or by the court visiting Mrs. Headley directly wherever she is (she is said to be in New York County), and questioning her, or by appointing a special guardian to visit and question her and report to the court, thus enabling the court to satisfy itself whether Mrs. Headley is being unlawfully detained. It is important that Mrs. Headley remain within the jurisdiction of the court so that if the writ should finally be sustained, it can be enforced. To that end, and without in any way suggesting that appellants are seeking or would seek to cause her to leave the jurisdiction, we think it prudent to restrain appellants from taking any steps to that end. Concur — Kupferman, J. P., Sullivan, Carro, Silverman and Asch, JJ.