■ BETTY H. ADAM, Appellant, v HILTON HOTELS CORP. et al., Respondents, et al., Defendants. — Order of the Supreme Court, New York County (Whitman, J.), entered on June 29, 1981, which granted the motion by defendants Hilton Hotels Corp. *et al.,* to compel plaintiff to accept defendants' answer and related papers, and order of the Supreme Court, New York County (Gomez, J.), entered on October 5, 1981, which granted defendants' motion to vacate the ex parte order of the court directing an inquest, are unanimously reversed, on the law, with costs and disbursements, the motion to compel is denied and the inquest order reinstated. Plaintiff, Betty Henriette Adam, in a complaint served upon defendant Hilton International Company on April 10, 1981, alleged that she was unlawfully assaulted, detained, and caused to be arrested while she was properly upon the premises of the Waldorf-Astoria, a hotel owned by the Hilton corporation. On May 18, 1981, 18 days after the time to respond had passed, William Kelly, a claims administrator employed at the Waldorf-Astoria, telephoned plaintiff's counsel. During that conversation, Kelly requested an extension of time on behalf of the corporate defendants to answer the complaint. Although the parties disagree as to what sort of understanding, if any, was reached, it appears that plaintiff's attorney was willing to extend defendants' time to respond on condition that a formal stipulation be signed wherein the defendants would acknowledge personal service of the summons and complaint. Further written and telephone communications ensued in connection with the instant action. However, the defendants did not accept the stipulation. It was not until June 15, 1981, some six weeks after the time to respond had expired, that Hilton finally served its answer. Plaintiff rejected it for untimeliness, and her subsequent application for an inquest was granted in an order (Ryp, J.), entered on June 25, 1981. That same day, Justice Whitman heard argument in connection with defendants' motion to compel acceptance of the answer and related discovery demands, which he granted in an order entered on June 29, 1981. Based on this authority, Justice Gomez granted defendants' motion to vacate the ex parte

order directing an inquest. Pursuant to CPLR 5015 (subd [a], par 1), a court may relieve a party from an "excusable default" upon "such terms as may be just". We have held this to mean that a "party who seeks to excuse a default must state facts explaining the default and must also furnish an affidavit showing that there is merit to his substantive position." (*Matter of Manufacturers Hanover Trust Co.,* 73 AD2d 539, 541; see, also, *Eaton v Equitable Life Assur. Soc. of U.S.,* 56 NY2d 900; *Barasch v Micucci,* 49 NY2d 594.) Defendants here have clearly failed to demonstrate any meritorious defense or excusable delay. They should certainly not be permitted to rely on an unsigned stipulation, portions of which they conveniently disavowed. In addition, the defendants incorrectly moved to compel the acceptance of the pleadings rather than to vacate the default. (See *Citibank [New York State] v Cummings,* 79 AD2d 1068; *Keith v New York State Teachers' Retirement System,* 56 AD2d 671.) Concur — Sandler, J. P., Markewich, Bloom, Fein and Milonas, JJ.