■ TAT SANG KWONG, an Infant, by His Natural Guardian and Father, ARTHUR KWONG, et al., Respondents, v BUDGE-WOOD LAUNDRY SERVICE, INC., Appellant. — Appeal from the order of the Supreme Court, Bronx County (Louis Fusco, Jr., J.), entered on March 1, 1983, which denied defendant's motion to vacate the order of inquest and open defendant's default with leave to renew upon submission of a further affidavit of merits, is dismissed, without costs or disbursements, as superseded by the appeal from the order of June 7, 1983. Order of the Supreme Court, Bronx County (Louis Fusco, Jr., J.) entered on June 7, 1983, which denied defendant's motion to renew its previous application to stay the inquest of this action, vacate the order of inquest and open its default, is reversed, on the law, the facts, and in the exercise of discretion, without costs or disbursements, the order of inquest vacated, the default vacated and the matter restored to the Trial Calendar. The instant case involves a claim by plaintiffs for damages arising out of personal injuries allegedly sustained as a result of an automobile accident which occurred on January 21, 1980 in Manhattan between a motor vehicle operated by plaintiff Arthur Kwong and owned by plaintiff Lodge Service Corp. and a truck leased by defendant Budge-Wood Laundry Service, Inc. and operated by Hubert E. Mills, one of its employees. The action was commenced against defendant Budge-Wood on June 22, 1982 by service of a summons and complaint on the New York Secretary of State. By notice of motion dated December 14, 1982, plaintiffs moved for an order setting the matter down for an inquest against Budge-Wood on the ground that approximately six months had elapsed since the date of service, and defendant had failed to appear in the action. It is defendant's unsuccessful effort in Special Term to vacate the order of inquest, open its default and restore the case to the calendar which is the subject of the present appeal. CPLR 5015 (subd [a], par 1) provides that a court may relieve a party from an "excusable" default upon "such terms as may be just". This has been interpreted to mean that a party seeking to vacate a default must demonstrate a reasonable excuse for the default and a prima facie showing of a meritorious defense to the action. (*Barasch v Micucci*, 49 NY2d 594; *Adam v Hilton Hotels Corp.*, 91 AD2d 884; *Matter of Stern*, 73 AD2d 539.) As to the first requirement, defendant presented documentary evidence that it had never been served with a summons and complaint and, thus, clearly stated a reasonable excuse for its failure to interpose an answer. Indeed, Special Term acknowledged that defendant had demonstrated a reasonable excuse for its default but was not persuaded that the second requirement — a showing of meritorious defense — had been met. In that regard, affidavits were submitted by defendant's president, Alexander Karten, as well as the operator of the truck, Hubert Mills, persons having personal knowledge of the facts, that defendant had no prior notice of any defective condition in the vehicle, that the driver possessed a long unblemished record of operating such a vehicle, that the truck in question ran properly for many years except for a repair of the rear tire which occurred about six months before the date of the accident, that the truck operated properly from the time the driver left the garage on the day of the accident until the happening of the accident, and that the sole cause of the

accident was the sudden and unexpected failure of the vehicle's brakes despite the reasonable care exercised by defendant to maintain the truck in good working order. For the purposes of a motion to vacate a default, the facts alleged by defendant were certainly adequate to demonstrate the existence of a possibly meritorious defense. It was not necessary for defendant to establish its defense as a matter of law but merely to set forth facts sufficient to make out a prima facie showing of a meritorious defense. The issue of whether the accident was, as defendant contends, due to brake failure and whether defendant exercised reasonable care are matters for the determination of the jury. Consequently, Special Term should have granted defendant's motion to vacate the order of inquest and the default and to restore the case to the calendar. Concur — Kupferman, J. P., Sandler, Sullivan, Fein and Milonas, JJ.