(April 12, 1984)

■ In the Matter of CITIBANK, N. A., et al., as Trustees Under a Trust Created by HAZEL A. S. BIRD, as Settlor, Respondents. CITIBANK, N. A., et al., Trustees, Appellants; DENNIS H. LORAINE et al., Respondents. — Order of the Supreme Court, New York County (Tyler, J.), entered January 18, 1984, is modified, on the law and facts and in the exercise of discretion, to grant the trustees' motion for a protective order to the extent of striking item 6 of the settlor's notice to produce documents, dated October 27, 1983, and limiting item 7 of said notice to the production of the Federal income tax returns filed for the five years immediately preceding the date of the notice, and otherwise affirmed, without costs. ¶ Citibank, N. A., and Arthur R. Besemer were trustees under two trust agreements, both dated October 21, 1932, as subsequently consolidated and amended, made with Hazel A. Spencer Bird as settlor. In June, 1983, the trustees commenced a proceeding for the judicial settlement of their intermediate account covering the period from the inception of the trusts in 1932 to March 31, 1983. Thereafter, the settlor interposed objections to the account claiming, *inter alia,* mismanagement by the trustees and failure to exercise due care and diligence in investing the principal and accumulated income. ¶ By notice to produce documents, dated October 27, 1983, the settlor requested the production of nine categories of documents from the trustees. On November 3, 1983, the trustees moved for a protective order with respect to the notice, raising specific objections to items 6, 7 and 8 of the notice, and the settlor cross-moved to compel production of those items. Special Term denied the trustees' motion for a protective order and granted the cross motion except as to item 8, since those documents were apparently nonexistent. ¶ Item 6 demanded "[a]ll other correspondence, including all enclosures thereto [whether or not referred to therein], and all other written communications, including statements, reports, memorandums, etc., relating to the Trust and matters preliminary to the execution of the original Trust instruments, sent to or received from respondent Bird by the Trustees or either of them, or any officer, employee or agent of either trustee, at any time from and before the inception of the Trust to the present." ¶ Item 7 demanded "[a]ll federal income tax returns for the Trust from the inception of the Trust to the present." ¶ CPLR 3120 (subd [a], par 1, cl [i]) requires "specifically designated documents or any things * * * specified with reasonable particularity in the notice". This court has previously held that "attempts to designate documents by use of the alternate phrases, 'All', 'All other' or 'Any and all', [render] a request or notice for production under CPLR 3120 'palpably improper' " (*City of New York v Friedberg & Assoc.,* 62 AD2d 407, 410). We note that in certain limited circumstances the use of these phrases may relate to specific subject matter, and in those circumstances, to preclude items simply because they start with the word "All" or words of like import "would be to exalt form over substance and to frustrate the liberal discovery provisions which CPLR article 31 was designed to accomplish" (*Scheinfeld v Burlant,* 98 AD2d 602). ¶ In the case at bar, however, item 6, which seeks "all" documents relating to the trust over a period of 50 years, certainly falls short of "designating with specificity" the documents sought. The better course would be to follow the rule set forth in *Rios v Donovan* (21 AD2d 409), and first allow examination for the purpose of narrowing the scope of the request. ¶ With respect to item 7, the settlor does not deny that the information contained in the Federal income tax returns is available (and in more detail) in other documents produced by the trustees. Under these circumstances, production should be limited to those returns for the last five years, with leave granted settlor to renew her request should she uncover the information in said returns to be material and relevant to her action. Concur — Murphy, P. J., Asch, Bloom, Fein and Alexander, JJ.