■ In the Matter of Hazel A. S. Bird, as Settlor, Respondent, v Citibank, N. A., et al., as Trustees Under a Trust Created by Hazel A. S. Bird, as Settlor, Appellants. In the Matter of Citibank, N.A., et al., as Trustees Under a Trust Created by Hazel A. S. Bird, as Settlor, Respondent. Citibank, N. A., et al., as Trustees, Appellants; Dennis H. Loraine et al., Respondents. — Order of the

---

Supreme Court, New York County (S. Schwartz, J.), entered on December 27, 1983, and resettled and entered on February 8, 1984, which, *inter alia,* removed Arthur Besemer and Citibank as trustees, appointed Donald T. Fox as successor trustee and directed Citibank to turn over the trust property, and denied the application of Citibank to appoint a guardian ad litem, is unanimously reversed, on the law and the facts and in the exercise of discretion, and the matter is remanded with the direction to appoint a guardian ad litem who is to be an American lawyer in France, and the matter is to be held in abeyance pending the report of the guardian ad litem, without costs. In the interim, counsel for the parties are to be kept fully informed in the premises as to all financial matters. ¶ This is the second appeal taken in litigation concerning the intentions and competency of Hazel A. Spencer Bird, a 95-year-old settlor of an *inter vivos* grantor trust. We recently ruled (100 AD2d 784) on certain discovery matters in an accounting proceeding consolidated with the present removal proceeding brought pursuant to EPTL 7-2.6. ¶ Since her husband's death in 1981, the settlor, an American citizen residing in Cannes, France, has sent numerous communications to her trustees, the respondents-appellants in the removal proceeding, Citibank and Arthur Besemer. These communications have indicated variously that the trust should be terminated in accordance with the absolute power of revocation reserved in the trust instrument, that the remainderman should be the settlor's stepson or his issue should he predecease the settlor, and that certain friends of long duration should also be remaindermen. ¶ In November, 1982, the settlor executed an amendment to the trust naming as sole remainderman Dennis Henry Loraine of Vence, France, or if he should predecease the settlor, then his son, Tarquin Loraine. This amendment has engendered litigation in both France and New York. The trustees petitioned the court in New York for instructions on the validity of the amendment, and the settlor petitioned the New York court for removal of the trustees and an accounting. Further, the settlor replaced her New York counsel of long standing. In France, the settlor retained the services of Pierre Perlandier, an attorney, who allegedly also represents Mr. Loraine, the sole remainderman under the amendment. The French court ordered competency examinations of the settlor, and determined therefrom that she was of sound mind and memory. ¶ Nonetheless, considering the facts and circumstances as indicated in the record, the advanced age of the settlor (see *Matter of Neil,* 90 Misc 537), and the apparent dual representation of the settlor and the purported sole remainderman, we are of the opinion that the appointment of a guardian ad litem is warranted to insure that the settlor is not acting pursuant to undue influence. (See *Allen v La Vaud,* 213 NY 322, 326.) The said guardian should be an American lawyer in France. The appointment of a special guardian is most appropriate in this case. (Cf. *Matter of Stern,* 73 AD2d 539; *State of New York ex rel. Headley v Connor,* 87 AD2d 511.) The removal and accounting proceedings should be held in abeyance pending receipt of the special guardian's report. Concur — Kupferman, J. P., Sullivan, Carro, Silverman and Alexander, JJ.