■ ENA DAVID et al., Respondents-Appellants, v ELMA BARNES, Respondent, and HOMESTEAD EQUITIES, INC., Appellant-Respondent.—In a mortgage foreclosure action, Homestead Equities, Inc., the purchaser of the subject property at the foreclosure sale, appeals, and the plaintiffs cross-appeal,

from stated portions of an order of the Supreme Court, Kings County (Douglass, J.), dated October 15, 1985, which, *inter alia,* after a hearing, granted the motion of Elma Barnes to vacate the judgment of foreclosure entered upon her default, directed the Register of the City of New York, Kings County, to cancel of record the mortgage foreclosed upon, and restored title to the property to Elma Barnes subject only to the first mortgage existing against the premises.

Ordered that the order is modified, on the law, by (1) deleting the second decretal paragraph thereof, and (2) adding a provision to the third decretal paragraph thereof that pending the final determination of the foreclosure action, restoration of title to the subject premises to Elma Barnes shall also be subject to the recorded mortgage given by her to the plaintiffs, Lloyd David and Ena David, dated June 26, 1980, and recorded in the Office of the Register of the City of New York, Kings County, at reel 1296, page 804. As so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

At the initial hearing of Elma Barnes's motion to vacate the judgment of foreclosure entered against her, the defendant waived her claim of lack of jurisdiction, and consented to a hearing limited to the issues of excusable default and whether her proffered defense of fraud was meritorious. We agree with the hearing court that sufficient evidence was adduced at the hearing to establish the existence of a meritorious defense, which is required in order to open up a default *(see, Tat Sang Kwong v Budge-Wood Laundry Serv.,* 97 AD2d 691), in that Elma Barnes was allegedly fraudulently induced to enter into the purchase-money second mortgage that the sellers (the plaintiffs) later foreclosed upon, thereby warranting relief from the judgment of foreclosure. However, it was error for the court to also grant relief that effectively voided the second mortgage, thus deciding the merits of the case.

The hearing was held pursuant to a motion brought pursuant to CPLR 5015 (a) (1), which affords a court discretion to vacate a judgment and results only in the opening of a default so that the defendant can defend on the merits *(see,* Siegel, 1985 Supplementary Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR 5015, at 503 [1987 Supp Pamph]). The motion did contain a general prayer for relief, but given the limited purpose for which the hearing was held, the pleadings cannot be considered to have either invited the relief granted or provided sufficient notice and opportunity to

the opposing parties to address the action on the merits (see, 2 Carmody-Wait 2d, NY Prac § 8:70). Accordingly, the portion of the order which directed the cancellation of record of the second mortgage must be vacated, and the matter is remitted to the Supreme Court, Kings County, for a trial on the merits.

Finally, we note that any claim by Elma Barnes that the jurisdictional issues originally raised by her were not actually waived has been lost by virtue of her proceeding with the hearing on the issue of the excusable nature of her default (see, Mayers v Cadman Towers, 89 AD2d 844). Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.