OPINION OF THE COURT
Ruben Andres Martino, J.
This is a summary holdover proceeding. Respondent moves to renew and reargue, vacate the default judgment and warrant, dismiss the petition, restore the matter to the Trial Calendar and permit disclosure. After a review of the notice of motion, memorandum of law, affirmation in opposition, reply affirmation, memorandum of law in reply, and a hearing, the court makes the following determination.
PROCEDURAL HISTORY
Petitioner commenced this holdover proceeding in June 1994, after service of a 30-day notice on respondent. An inquest was held before the Honorable John L. Philips on July 20, 1994, and possession was awarded to petitioner. Respondent moved by order to show cause to vacate the judgment and a traverse hearing was held on December 5, 1994, before me. Traverse was overruled and the matter was set down for a hearing on excusable default and meritorious defense. On December 19, 1994, respondent failed to appear and his motion was denied. Respondent, pro se, brought another motion on January 4, 1995, which was granted to the extent of staying execution of the warrant to February 28, 1995. Respondent, now assisted by counsel, brings the instant motion. It was stipulated by both sides on the record that the motion to renew and reargue should be granted to allow the court to rule on the underlying relief requested. A hearing was held on March 22, 1995 and April 5, 1995.
THE MOTION TO VACATE THE DEFAULT JUDGMENT
Respondent must demonstrate an excusable default and meritorious defense under CPLR 5015 (a) in order to have the default vacated. The granting of the motion is discretionary. (Beneficial Fin. Co. v Kramer, 48 AD2d 822 [2d Dept 1975].) *242 The court notes that respondent made a prior application for the same relief and failed to appear on the hearing date. Respondent’s assertion that he need only excuse one default in this case is incorrect. Since the motion was already decided on default, respondent must show good cause why the application should be considered a second time. However, respondent’s credible testimony that he walked to court because of lack of money and arrived shortly after the calendar call is sufficient to excuse the default.
Respondent claims that he did not appear for the underlying holdover because he never received any notice despite service, and he first learned of this case upon receipt of a 72-hour notice. Respondent testified that his mailbox was broken. Petitioner’s witness, the building property manager at the time, testified that she often went to the building and did not observe any problem with respondent’s mailbox. On cross-examination, she stated that she never specifically checked the mailbox and did not recall whether she ever received complaints or authorized repairs concerning the mailbox. She said that she kept a logbook of complaints but did not bring it with her.
The court is not persuaded by the testimony of petitioner’s witness. Although she had records to show if complaints were made, she did not produce them. She never specifically checked the mailbox to see if it was operable. The court does believe the respondent. Since he became aware of the proceeding he has diligently tried to defend. He has appeared on every occasion except one when he arrived shortly after the calendar call. As service was effectuated by conspicuous service, it is probable that he did not receive any notice since the mailbox was broken. The court finds respondent has demonstrated excusable default.
Respondent must next show that he has a meritorious defense. He need not prove his defense at this time but only allege sufficient facts to make a prima facie showing. (Tat Sang Kwong v Budge-Wood. Laundry Serv., 97 AD2d 691 [1st Dept 1983].) Respondent raises four potential defenses: denial of the allegations; acceptance of rent by the petitioner after service of the termination notice; a defective termination notice; and failure of the petition to state the facts upon which the proceeding is based. This court finds that a sufficient showing has been made of a meritorious defense. Facts have been presented showing the acceptance of rent during the window period which may be a defense in this case. (See, *243 City of New York v Butt, NYLJ, Nov. 7, 1994, at 28, col 5 [App Term, 1st Dept].) Additionally, a review of the petition shows that it fails to state adequate facts as discussed below. The court therefore exercises its discretion and vacates the default judgment and warrant.
THE MOTION TO DISMISS
Respondent next moves to dismiss the proceeding because the termination notice is defective and the petition fails to state sufficient facts. Turning first to the sufficiency of the petition, RPAPL 741 (4) requires that the petition "[s]tote the facts upon which the * * * proceeding is based.” The purpose of this is to allow the respondent to prepare and interpose a defense. (Giannini v Stuart, 6 AD2d 418 [1st Dept 1958].) This is particularly significant in holdover summary proceedings where disclosure is not permitted without leave of court and where a respondent is required to interpose any defenses on the return date of the petition.
The alleged facts supporting the claim in this case are contained in the termination notice which is incorporated in the petition. It fails to allege specific activity by the respondent that would support the claim. Vague and general statements are made about the sale and storage of crack in and around the building over a period of time. Reference is made to other unnamed individuals involved but no facts are included to elaborate this. Vague and conclusory statements are not a substitute for necessary facts. This is so even if the allegations contain a string of such conclusions. (Bastidas v Lugo, NYLJ, July 13, 1994, at 29, col 6 [Civ Ct, Kings County].)
This court upheld a similar list of allegations in City of New York v Gandy (index No. 18644/93). At the time I believed that the allegations would be minimally adequate taking into account the reality of drug activity in our communities. The general description set out is similar to what we hear about in the media and sometimes observe in our daily lives. It was assumed by the court that the notice was carefully drafted based on the available information obtained by petitioner. The court now questions that assumption. Since the Gandy decision, this court has observed that almost every allegation section used by petitioner in this type of proceeding is identical. They contain the same six paragraphs. The only difference is the name of the respondent and the one date when the *244 continuous activity started. It appears to be a boilerplate form used by petitioner. Such use has been rejected before. (See, City of New York v Rivera, NYLJ, Aug. 26, 1992, at 22, col 4 [Civ Ct, NY County].) The use of boilerplate allegations renders the requirement of providing supporting facts meaningless. How can a respondent prepare and defend without knowing the facts relied on by petitioner? The use of a form statement of the facts does not satisfy RPAPL 741 (4) in this type of proceeding.
The court is not persuaded by petitioner’s argument that because it is not subject to rent stabilization it need not allege facts with the same degree of specificity as do other petitioners. The requirement to state the facts in the petition comes from the RPAPL and is independent of the Rent Stabilization Law.
CONCLUSION
The default judgment is vacated as respondent has demonstrated an excusable default and meritorious defense. The petition is dismissed for failure to allege the facts upon which the proceeding is based. The court does not reach any other issue.