Matter of Nonhuman Rights Project, Inc. v Lavery (2018 NY Slip Op 03309)

Matter of Nonhuman Rights Project, Inc. v Lavery

2018 NY Slip Op 03309 [31 NY3d 1054]

May 8, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 4, 2018

[*1]

In the Matter of Nonhuman Rights Project, Inc., on Behalf of Tommy, Appellant,
v
Patrick C. Lavery et al., Respondents.
In the Matter of Nonhuman Rights Project, Inc., on Behalf of Kiko, Appellant, 
 v Carmen Presti et al., Respondents.

Decided May 8, 2018

Matter of Nonhuman Rights Project, Inc. v Lavery, 152 AD3d 73, leave denied.

APPEARANCES OF COUNSEL

Elizabeth S. Stein, New Hyde Park, for appellant.
Patrick C. Lavery, respondent pro se.
Center for Constitutional Rights, New York City (Rachel A. Meeropol of counsel), for Center for Constitutional Rights, amicus curiae.
Mary Jean Mezzina, Baldwin, for Kristin Andrews and others, amici curiae.
Spencer Lo, Brooklyn, for Justin Marceau and others, amici curiae.
Spencer Lo, Brooklyn, for Laurence H. Tribe, amicus curiae.

{**31 NY3d at 1055} OPINION OF THE COURT

Memorandum.
Motion for leave to appeal denied.
Concur: Chief Judge DiFiore and Judges Rivera, Fahey, Garcia and Wilson, Judge Fahey in an opinion. Judges Stein and Feinman taking no part.

Fahey, J. (concurring). The inadequacy of the law as a vehicle to address some of our most difficult ethical dilemmas is on display in this matter.{**31 NY3d at 1056}
In these habeas corpus proceedings brought by petitioner Nonhuman Rights Project on behalf of Tommy and Kiko, two captive chimpanzees, petitioner seeks leave to appeal from an order of the Appellate Division, First Department affirming two judgments of Supreme Court declining to sign orders to show cause to grant the chimpanzees habeas relief. The adult chimpanzees, according to the habeas petition, have been confined by their owners to small cages in a warehouse and a cement storefront in a crowded residential area, respectively.
If this Court were to grant petitioner leave to appeal, I would be most likely to vote to affirm pursuant to CPLR 7003 (b) (Successive petitions for writ). Accordingly, I concur in the Court's decision to deny leave.
[*2]
However, I write to underscore that denial of leave to appeal is not a decision on the merits of petitioner's claims. The question will have to be addressed eventually. Can a nonhuman animal be entitled to release from confinement through the writ of habeas corpus? Should such a being be treated as a person or as property, in essence a thing?
"A person illegally imprisoned or otherwise restrained in his liberty within the state, or one acting on his [or her] behalf . . . may petition without notice for a writ of habeas corpus to inquire into the cause of such detention and for deliverance" (CPLR 7002 [a]). The lower courts in this appeal and related cases, in deciding that habeas corpus is unavailable to challenge the legality of the chimpanzees' confinement, rely in the first instance on dictionary definitions. The habeas corpus statute does not define "person," but dictionaries instruct us that the meaning of the word extends to any "entity . . . that is recognized by law as having most of the rights and duties of a human being" (Black's Law Dictionary [10th ed 2014], person [3]; see also e.g. Oxford English Dictionary Online [Oxford University Press 2018], person [7] [http://www.oed.com (last accessed May 4, 2018)] ["An individual . . . or corporate body . . . recognized by the law as having certain rights and duties"]).
The Appellate Division then reasoned that chimpanzees are not persons because they lack the "capacity or ability . . . to bear legal duties, or to be held legally accountable for their actions" (Matter of Nonhuman Rights Project, Inc. v Lavery, 152 AD3d 73, 78 [1st Dept 2017]; see also People ex rel. Nonhuman Rights Project, Inc. v Lavery, 124 AD3d 148, 152 [3d Dept 2014], lv denied 26 NY3d 902 [2015] [stating that chimpanzees{**31 NY3d at 1057} "cannot bear any legal duties, submit to societal responsibilities or be held legally accountable for their actions"]). Petitioner and amici law professors Laurence H. Tribe, Justin Marceau, and Samuel Wiseman question this assumption. Even if it is correct, however, that nonhuman animals cannot bear duties, the same is true of human infants or comatose human adults, yet no one would suppose that it is improper to seek a writ of habeas corpus on behalf of one's infant child (see People ex rel. Wehle v Weissenbach, 60 NY 385 [1875]) or a parent suffering from dementia (see e.g. Matter of Brevorka ex rel. Wittle v Schuse, 227 AD2d 969 [4th Dept 1996]). In short, being a "moral agent" who can freely choose to act as morality requires is not a necessary condition of being a "moral patient" who can be wronged and may have the right to redress wrongs (see generally Tom Regan, The Case for Animal Rights 151-156 [2d ed 2004]).
The Appellate Division's conclusion that a chimpanzee cannot be considered a "person" and is not entitled to habeas relief is in fact based on nothing more than the premise that a chimpanzee is not a member of the human species (see Nonhuman Rights Project, Inc., 152 AD3d at 78 [stating that petitioner's argument "that the ability to acknowledge a legal duty or legal responsibility should not be determinative of entitlement to habeas relief, since, for example, infants cannot comprehend that they owe duties or responsibilities and a comatose person lacks sentience, yet both have legal rights . . . ignores the fact that these are still human beings, members of the human community"]). I agree with the principle that all human beings possess intrinsic dignity and value, and have, in the United States (and territory completely controlled thereby), the constitutional privilege of habeas corpus, regardless of whether they are United States citizens (see Boumediene v Bush, 553 US 723 [2008]), but, in elevating our species, we should not lower the status of other highly intelligent species.
The better approach in my view is to ask not whether a chimpanzee fits the definition of a person or whether a chimpanzee has the same rights and duties as a human being, but instead whether he or she has the right to liberty protected by habeas corpus. That question, one of precise moral and legal status, is the one that matters here. Moreover, the answer to that question will depend on our assessment of the intrinsic nature of chimpanzees as a species. The record before us in the{**31 NY3d at 1058} motion for leave to appeal contains unrebutted evidence, in the form of affidavits from eminent primatologists, that chimpanzees have advanced cognitive abilities, including being able to remember the past and plan for the future, the capacities of self-awareness and self-control, and the ability to communicate through sign language. Chimpanzees make tools to catch insects; they recognize themselves in mirrors, photographs, and television images; they imitate others; they exhibit compassion and depression when a community member dies; they even display a sense of humor. Moreover, the amici philosophers with expertise in animal ethics [*3]and related areas draw our attention to recent evidence that chimpanzees demonstrate autonomy by self-initiating intentional, adequately informed actions, free of controlling influences (see Tom L. Beauchamp, Victoria Wobber, Autonomy in Chimpanzees, 35 Theoretical Med & Bioethics 117 [2014]; see generally Jane Goodall, The Chimpanzees of Gombe: Patterns of Behavior 15-42 [1986]).
Does an intelligent nonhuman animal who thinks and plans and appreciates life as human beings do have the right to the protection of the law against arbitrary cruelties and enforced detentions visited on him or her? This is not merely a definitional question, but a deep dilemma of ethics and policy that demands our attention. To treat a chimpanzee as if he or she had no right to liberty protected by habeas corpus is to regard the chimpanzee as entirely lacking independent worth, as a mere resource for human use, a thing the value of which consists exclusively in its usefulness to others. Instead, we should consider whether a chimpanzee is an individual with inherent value who has the right to be treated with respect (see generally Regan, The Case for Animal Rights 248-250).
The Appellate Division's approach to these proceedings is mistaken in another respect. Petitioner seeks the transfers of the chimpanzees to a primate sanctuary, rather than the wild. The Appellate Division held that habeas relief was properly denied, because petitioner "does not challenge the legality of the chimpanzees' detention, but merely seeks their transfer to a different facility" (Nonhuman Rights Project, Inc., 152 AD3d at 79; see also Matter of Nonhuman Rights Project, Inc. v Presti, 124 AD3d 1334, 1335 [4th Dept 2015], lv denied 26 NY3d 901 [2015]). Notably, the Appellate Division erred in this matter, by misreading the case it relied on, which instead stands for the proposition that habeas corpus can be used to seek a transfer to "an institution separate and different in nature from the{**31 NY3d at 1059} . . . facility to which petitioner had been committed," as opposed to a transfer "within the facility" (People ex rel. Dawson v Smith, 69 NY2d 689, 691 [1986]). The chimpanzees' predicament is analogous to the former situation, not the latter.
The reliance on a paradigm that determines entitlement to a court decision based on whether the party is considered a "person" or relegated to the category of a "thing" amounts to a refusal to confront a manifest injustice. Whether a being has the right to seek freedom from confinement through the writ of habeas corpus should not be treated as a simple either/or proposition. The evolving nature of life makes clear that chimpanzees and humans exist on a continuum of living beings. Chimpanzees share at least 96% of their DNA with humans. They are autonomous, intelligent creatures. To solve this dilemma, we have to recognize its complexity and confront it.
In the interval since we first denied leave to the Nonhuman Rights Project (see 26 NY3d 901 [2015]; 26 NY3d 902 [2015]), I have struggled with whether this was the right decision. Although I concur in the Court's decision to deny leave to appeal now, I continue to question whether the Court was right to deny leave in the first instance. The issue whether a nonhuman animal has a fundamental right to liberty protected by the writ of habeas corpus is profound and far-reaching. It speaks to our relationship with all the life around us. Ultimately, we will not be able to ignore it. While it may be arguable that a chimpanzee is not a "person," there is no doubt that it is not merely a thing.