■ RICKE ESTATES INC., Appellant, v. SAMUEL J. LEFRAK et al., Respondents.— In an action, allegedly pursuant to article 15 of the Real Property Actions and Proceedings Law, for a judgment barring defendants from any claim of an easement of light, air and access over plaintiff's real property and for other relief, plaintiff appeals from a judgment of the Supreme Court, Kings County, dated November 28, 1966, which dismissed the complaint on the merits and adjudged that the defendants who counterclaimed had certain easements. Judgment affirmed, with one bill of costs to respondents filing separate briefs (cf. *Dalton* v. *Levy*, 258 N. Y. 161, 165-166; *Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136, 147; *Feuer* v. *Brenning*, 279 App. Div. 1033, affd. 304 N. Y. 881; *Di Leo* v. *Pecksto Holding Corp.*, 304 N. Y. 505). Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ LOUIS RODRIGUEZ, Plaintiff, v. CITY OF NEW YORK, Appellant, et al., Defendant, and UNIVERSAL TERMINAL & STEVEDORING CORP., Respondent.— In an action to recover damages for personal injuries, defendant City of New York appeals from so much of an order of the Supreme Court, Kings County, dated April 4, 1967, as upon reargument adhered to the original decision denying its motion to vacate respondent's notice for discovery and inspection and, *inter alia*, directing it to produce the transcript of testimony taken from plaintiff for discovery and inspection by respondent. Order affirmed insofar as appealed from, with $10 costs and disbursements. The discovery and inspection shall proceed at the place specified in the order under review upon written notice of not less than 10 days or at such other place and time as the parties may stipulate. The transcript of the examination of plaintiff by appellant was, in our opinion, a proper subject of discovery and inspection. It cannot properly be considered an attorney's work product or thing created by a party for litigation (see CPLR 3101, subd. [c], subd. [d], par. 2), as the examination was mandated by statute and conducted in the presence of the adversary's attorney. The disclosure statute (CPLR 3101) seeks to protect privately obtained information which might reveal the attorney's strategy or legal theories. It was not intended to safeguard information already in the knowledge of an adversary or his attorney. *Gordon* v. *City of New York* (13 A D 2d 463) is readily distinguishable, as the motion therein was made pursuant to section 50-h of the General Municipal Law. Brennan, Rabin and Benjamin, JJ., concur; Christ, Acting P. J., and Martuscello, J., dissent and vote to reverse the order insofar as appealed from and to grant appellant's motion for a protective order vacating the notice for discovery and inspection, with the following memorandum: In our opinion, this examination is in the nature of " The work product of an attorney" and of a writing created "in preparation for litigation" (CPLR 3101, subds. [c], [d]) and therefore absolutely privileged, in that it was held by the city in order to (a) decide if it should litigate the claim or pay it, or (b) prepare for litigation. In either event the city should have full freedom of action without making the material obtained available to a third party, who can conduct its own investigation or, if needed, an examination before trial.