■ LAURA HOLLOWAY, an Infant, by Her Mother and Natural Guardian, WILLIE M. HOLLOWAY, et al., Plaintiffs, v CHA CHA LAUNDRY, INC., et al., Defendants; BERMIL INDUSTRIES CORP., Appellant, and CORONAVERNKEN AKTI-EBOLAGET, CTC., Respondent. CHA CHA LAUNDRY, INC., Third-Party Plaintiff, v UNDERWRITERS LABS, INC., Third-Party Defendant. BERMIL INDUSTRIES CORP., Fourth-Party Plaintiff, v ELECTROLUX-WASCATOR A.B. et al., Fourth-Party Defendants. — Order, Supreme Court, Bronx County (Dorothy E. Kent, J.), entered July 7, 1982, denying a motion by defendant Bermil Industries Corp. (Bermil) to compel codefendant Coronavernken Aktiebolaget, CTC. (CTC) to appear for oral deposition, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs, and the motion is granted directing CTC to submit to examination before trial, on a date to be agreed upon by the parties. The infant plaintiff was allegedly injured at a laundromat while using a washing machine sold and serviced by defendant Super Pak Co., Inc., to defendant Cha Cha Laundry, Inc., the owner and operator of the premises. Neither of these defendants is a party to this appeal. The machine was manufactured in Sweden by defendant CTC, and imported by defendant Bermil. CTC opposes the effort to compel it to submit to examination before trial, upon the ground that it had sold its washing machine division in 1973 and presently has neither any relevant records in its possession nor any employees under its control with knowledge of the washing machine division. Previously, in granting plaintiff's motion to compel all parties to submit to examination in June, 1981, Justice Kent denied a cross motion by CTC to avoid submitting to examination. However, CTC was the only party failing to

submit to examination as directed. In contrast to the 1981 order, the order appealed from was made on a motion by one defendant, Bermil, to compel examination of CTC, the one remaining defendant. The 1981 order established law of the case on the issue of whether CTC should submit to oral deposition. The "law of the case" doctrine is a rule of practice which provides that once an issue is judicially determined, either directly or by implication, it is not to be reconsidered by Judges or courts of co-ordinate jurisdiction in the course of the same litigation (see *Martin v City of Cohoes,* 37 NY2d 162, 165; *Metropolitan Package Store Assn. v Koch,* 89 AD2d 317, 321-322). Of course, a question may be reconsidered if new evidence has come to light since the initial ruling (*Matter of Yeampierre v Gutman,* 57 AD2d 898, 899). That does not appear to be the case here. A review of the record reveals two developments since the 1981 order. First is the fact that all parties other than CTC have submitted to examination before trial. Second is the production of a 1981 transcript in an unrelated case in New York County, containing the testimony of one Tor Kvarnbach, an attorney for AGA, a Swedish company which is the present parent of CTC, who confirmed that CTC, then a division of the parent Coronavernken Aktiebolaget, was in the business of manufacturing washing machines up until 1978. CTC is still in existence, manufacturing and selling heating products, which were always its product line. Kvarnbach confirmed that some of the personnel working at CTC prior to 1978 were still working for that company at the time of his testimony. He identified the president in 1978 who was now chairman of the board of that company. Kvarnbach conceded that records might exist at CTC today which would reveal the names of prior officers of that company. He opined that any documents related to the manufacture of the type of washing machine in question probably were transferred to Electrolux, A.B., the Stockholm company which bought out the washing machine division of CTC in 1973. He asserted Electrolux sold all its stock in CTC to AGA in 1978. None of this information requires a reconsideration of the prior order. Nor does it provide a basis for denying the right of Bermil, a defendant, to examine CTC, a codefendant, before trial. (CPLR 3101.) CTC, as a party, cannot be compelled to produce as a nonparty witness a former employee who is no longer under CTC's control (*Sparacino v City of New York,* 85 AD2d 688, 689). However, Bermil has not requested that any former employee appear as a witness. Bermil, as a party, is entitled to have its codefendant CTC, a corporation in existence now as well as at the time it manufactured the washing machine in question, produce for examination before trial an officer or other employee with knowledge of the facts and issues involved in this action to furnish and explain what relevant documents may or may not be presently available. Concur — Kupferman, J. P., Sandler, Fein, Milonas and Alexander, JJ.