■ Nancy S. Simpson et al., Respondents, v Aperitivo, Inc., Appellant. — Order of the Supreme Court, New York County (Seymour Schwartz, J.),

entered on March 11, 1983, which denied the motion of the defendant-appellant to vacate a default judgment entered in favor of the plaintiffs in the sum of $67,000 and to compel the plaintiffs to accept defendant's answer, and denied stay of the enforcement of the said judgment is reversed, on the law and the facts and in the exercise of discretion with costs, the judgment entered, after inquest on June 29, 1982, is vacated and defendant-appellant is granted leave to serve its answer within 20 days from the date of this order. While the conduct of the defendant in this action to recover damages for personal injuries and defamation hardly qualifies as an exemplar of diligence, we are satisfied that the circumstances warrant granting a final opportunity to the defendant to resolve the contested issues on the merits. Thus in the exercise of our discretionary power, we reverse the order of the judgment below to afford the defendant an opportunity to serve its answer within 20 days from the date of this order. We note that the record reveals that there were discussions between the plaintiffs, themselves attorneys and the defendant's carrier in respect to a stipulation extending the defendant's time to answer. Defendant's attorney asserted in the motion before Mr. Justice Blyn to compel acceptance of its late answer that a stipulation extending defendant's time to answer had been timely sent to plaintiffs' attorneys. The receipt of such a stipulation sometime in the middle of November is acknowledged by the plaintiff Nancy Simpson in her affidavit in opposition to that motion. Significantly, this stipulation was neither executed and returned nor rejected by plaintiffs. Additionally, there is some evidence in this record that the carrier was under the impression that there was an "open stipulation" to answer the complaint and that they were awaiting receipt of the plaintiffs' special damages in order to adjust the claim. While neither the unexecuted stipulation nor the carrier's expectation in respect to an open-ended extension of its time to answer is sufficient, standing alone, to justify a vacatur of the default, we are satisfied that the defendant at no time intended to abandon the defense of this action, and that the over-all circumstances are such as justify the exercise of our discretion to allow a resolution of the contested issues on their merits. (See CPLR 2005, 3012, subd [d].) Concur — Sandler, Sullivan, Bloom and Alexander, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: While I would grant leave to the defendant to appear and defend at a new inquest, I must dissent from the vacatur of the default judgment. The defendant, having already defaulted, moved to strike the complaint for failure to state a cause of action or, in the alternative, to compel acceptance of the answer. The motion was denied by the Judge at Special Term (Blyn, J.), with leave to bring on a new motion to vacate defendant's default with an affidavit setting forth a meritorious defense and upon payment of $40 motion costs. The defendant did not comply. Thereafter an inquest was taken and when the plaintiffs took action to enforce their judgment, the defendant served a notice of appeal and only thereafter moved by order to show cause to vacate the default. The excuse given for the original default was that the insurance carrier was waiting for an indication of special damages in order to adjust the claim. Under the circumstances, there would seem to me to be no proper basis for setting aside the original default. However, the inquest was superficial and the amount of the judgment seemingly excessive, and as to that, the judgment should be vacated and a new inquest directed. The order of this court in granting complete absolution to the defendant goes to the opposite extreme of the now discredited (CPLR 2005) *Barasch/Eaton* rule (49 NY2d 594; 56 NY2d 900), and is just as egregious.