■ Beatrice Wasserman, Respondent, v Manoco Company, Defendant, and Artec Metals, Inc., Appellant. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered October 20, 1983, denying motion of defendant Artec Metals, Inc., to vacate its default in failing to appear for an examination before trial, to reinstate its answer dismissed in accordance with a conditional order of dismissal, and for related relief, reversed, without costs, on the law, on the facts, and in the exercise of discretion, to grant defendant's motion to vacate its default and to reinstate its answer on condition that on a date to be fixed on 20 days' notice by plaintiff, defendant appear at an examination before trial with any and all relevant books and records by someone with knowledge of the facts, and if there be available no such person, books or records, by someone able to explain the unavailability of such person, books or records, and on the further condition that the defendant promptly inform plaintiff of any subsequent availability of a knowledgeable person and/or relevant books and records, and on the further condition that the defendant is precluded from having anyone connected with it testify at the trial as to liability unless there be an appearance by a person with relevant knowledge within 30 days prior to the date of trial for an examination before trial. ¶ In denying the motion of defendant Artec Metals, Inc. (Artec), for an

order vacating a default judgment and for reinstatement of its answer, Special Term acknowledged that the defendant had explained the default. Although the record suggests that defendant's counsel had not acted with the vigor and promptness that the circumstances required, we agree that the record fails to disclose that kind of willful failure to obey an order for disclosure that is a prerequisite to the imposition of penalties fixed pursuant to CPLR 3126. ¶ Under the special circumstances presented, we disagree with Special Term's further conclusion that the motion to vacate the default must be denied because of a failure to demonstrate any meritorious defense. The very circumstances that explain Artec's failure to comply with the order for disclosure, which Special Term found acceptable, establish that it was unable to submit an affidavit of merit by someone with knowledge of the facts. The principal of the defendant corporation had died shortly after the action was commenced, having previously removed the corporation's books and records. The defendant's former bookkeeper attested that she had no knowledge of the event, knew of no one who had relevant information, and did not know where the pertinent books and records were located. ¶ In any event, the existence of a possibly meritorious defense is apparent in the deposition of an officer of the codefendant Manoco Co. (Manoco), who testified that Artec was only one of many subcontractors who worked on what appears to have been extended work of reconstruction at the site of the accident. It is also pertinent that this extended work of reconstruction was performed under the supervision of a foreman employed at that time by Manoco. ¶ Under the circumstances presented, the preferable approach, although not entirely satisfactory, is to vacate the default and reinstate the answer; to provide Artec with a further opportunity at an examination before trial either to present someone with relevant knowledge or someone who can explain Artec's inability to do so; and to preclude Artec from presenting at trial any witness connected with the corporation in the absence of a prior deposition by a knowledgeable representative of the corporation. ¶ We appreciate that the age and physical condition of the plaintiff make it imperative that the matter proceed promptly, and expect the parties to cooperate to the end that there should be an early trial. Concur — Sandler, J. P., Sullivan and Kassal, JJ.

Ross and Milonas, JJ., dissent in a memorandum by Milonas, J., as follows: In my opinion, the order being appealed herein should be affirmed. ¶ Special Term properly treated the failure of defendant Artec Metals, Inc., to appear at the court-ordered examination before trial as a default. CPLR 5015 (subd [a], par 1) provides that a court may relieve a party from "excusable" default upon "such terms as may be just". This has been construed to require that a party seeking to vacate a default must demonstrate a reasonable excuse for the default and a prima facie showing of a meritorious defense to the action. (*Barasch v Micucci*, 49 NY2d 594; *Tat Sang Kwong v Budge-Wood Laundry Serv.*, 97 AD2d 691; *Klein v Actors & Directors Lab*, 95 AD2d 757; *Adam v Hilton Hotels Corp.*, 91 AD2d 884.) Thus, even assuming the adequacy of the excuse offered by defendant — that the corporation had been dissolved and no one could be located who possessed knowledge of the accident in question and that, therefore, there was no willful refusal to comply with the court's order — absolutely no meritorious defense has been set forth by defendant. In that regard, it is not the responsibility of this court to search through the record in order to attempt to find such a defense on defendant's behalf. The fact is that defendant had more than sufficient notice that a witness had to be produced for the examination on penalty of having its answer stricken. Indeed, defendant's principal, Daniel Weiss, died two years prior to the underlying motion, so it should have been long evident that someone else would have to be examined in

his place. Yet notwithstanding this situation, no one appeared. Under these circumstances, Special Term did not abuse its discretion in declining to vacate the default.