■ SHIRLEY GOLDEN, Respondent, v DAVID GOLDEN, Appellant. — In an action pursuant to section 170-a of the Domestic Relations Law, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated May 14, 1982, as granted that branch of plaintiff wife's motion which sought an order directing defendant to execute authorizations permitting the Internal Revenue Service to furnish to ·the court certified copies of defendant's Federal income tax returns for 1971 through 1981. ¶ Order reversed, insofar as appealed from, without costs or disbursements, and the above-noted branch of plaintiff's motion denied. ¶ This is an action pursuant to section 170-a of the Domestic Relations Law, in which plaintiff seeks to recover an amount equivalent to the value of any economic and property rights of which she was deprived by reason of a conversion divorce granted against her on the basis of a pre-1970 judgment of separation (Domestic Relations Law, § 170-a, subd a). The statute provides that in determining the value of the economic and property rights, plaintiff's interest is to be calculated "as though the defendant died intestate and as if the death of the defendant had immediately antedated the divorce" (Domestic Relations Law, § 170-a, subd b). ¶ In a prior order made in connection with this action, Special Term (Hirsch, J.) granted a motion by defendant for a protective order (CPLR 3103) precluding disclosure pertaining to defendant's financial affairs after February 10, 1971, the date on which the judgment of divorce had been granted. ¶ That order was affirmed by this court (*Golden v Golden,* 71 AD2d 1068), and plaintiff's motion for leave to appeal to the Court of Appeals was dismissed (*Golden v Golden,* 49 NY2d 701, 800). Thus, that order became the law of the case, and Special Term erred when it issued a subsequent order directing disclosure of defendant's Federal income tax returns for 1971 through 1981 (see, e.g., *Martin v City of Cohoes,* 37 NY2d 162, 165; *Matter of Local 345 of Retail Store Employees Union [Heinrich Motors],* 96 AD2d 182, 186-187). Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.

■ JOSE GONZALEZ, Appellant, v CITY OF NEW YORK et al., Respondents. — Order of the Supreme Court, Kings County (Fuchs, J.), dated December 28, 1982, affirmed, with costs. (See *Pierson v City of New York,* 56 NY2d 950.) Thompson, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.