(June 6, 1985)

■ MARIO RIVERA et al., Respondents, v 101 WEST 12TH ST. GARAGE CORP. et al., Appellants. — Order, Supreme Court, New York County (Andrew Tyler, J.), entered May 22, 1984, which denied defendants' motion to vacate a prior order striking their answer and directing an inquest for damages, is unanimously reversed on the law, the facts and in the exercise of discretion, without costs, and the motion to vacate is granted; the answer is

reinstated; and the direction for an inquest is stricken; on the condition that defendants' counsel personally pay plaintiffs the sum of $250. Defendants' counsel shall pay the sum within 10 days after service upon him of a copy of the order to be made hereon, with notice of entry; in the event that this condition is not complied with, the order is affirmed, with costs.

This is an action arising from defendant Eddie Brown's allegedly unprovoked assault upon plaintiff, a customer of defendant 101 West 12th St. Garage Corp., while Brown was on duty as an attendant. Plaintiffs conducted an examination before trial of Brown in November 1982. By order of Special Term, plaintiffs were directed to seek discovery of certain corporate records, on notice, and defendants were directed to provide a signed copy of the transcript of Brown's examination before trial. Special Term denied the branch of plaintiffs' motion that sought to compel further testimony from Brown, because, contrary to plaintiffs' claim, Brown had already responded to certain questions concerning prior convictions and drug use.

Plaintiffs served a notice for discovery dated October 11, 1983, *inter alia,* requesting statements about Brown's prior convictions and drug use, to which defendant 12th St. Garage did not respond. Defendant Brown's whereabouts had become unknown. On December 14, 1983, Special Term granted plaintiffs' motions for an order striking defendants' amended answer, and for a default judgment, without opposition. Defense counsel had obtained plaintiffs' consent to an adjournment, but neglected to appear and request an adjournment from the court.

Defendant 101 West 12th St. Garage Corp. belatedly answered some of the discovery requests on December 21, 1983 and March 8, 1984. Unaware that a default had been taken against it, defendant 101 West 12th St. Garage Corp. submitted an affirmation in opposition to the motions to the court on or about December 23, 1983. Plaintiffs settled the order three months later, and defendant moved for leave to reargue and for vacatur. The court denominated defendant's motion as one to vacate, and denied it by order, without decision, dated May 18, 1984.

The circumstances in the present case warrant reversal of Special Term's order. CPLR 2005 empowers the courts to exercise their discretion to excuse delays attributable to law office failure "in the interests of justice" where the circumstances are otherwise deemed appropriate. The delay in answering the motions for an order striking defendants' answer and for a default judgment is clearly attributable to law office failure, since defense counsel neglected to answer the Special Term Calendar and request an adjournment, on consent of all parties.

Special Term was unjustified in imposing the harsh penalty of striking defendants' answer. Defendant 101 West 12th St. Garage Corp.'s failure to comply with the discovery order and notice was neither willful nor contumacious. (*Joseph v Roller Castle*, 100 AD2d 839 [2d Dept 1984].) It proffered a reasonable excuse for the failure to provide a signed transcript of Brown's examination before trial in compliance with the September 16 order — Brown's disappearance.

The absence of an affidavit of merit is not fatal where, as here, a party demonstrates that the very circumstance which explains the failure of discovery establishes the inability to submit an affidavit of merit by someone with knowledge of the facts. (*See, Wasserman v Manoco Co.* 100 AD2d 758 [1st Dept 1984].) Moreover, although defendant failed to address the issue at Special Term, possibly due to the procedural error of moving for reargument and vacatur, meritorious defenses have been demonstrated on the record. (*See, Battaglia v Hofmeister,* 100 AD2d 833, 834 [2d Dept 1984]; *but see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904.) The allegations of the complaint suggest that Brown may have been acting outside of the scope of his employment. Brown's acquittal on criminal charges arising from the same incident is indicative of a colorable defense of justification, although it is inadmissible at trial. It is clear from the discovery responses and settlement negotiations subsequent to December 14, 1983 that defendant 101 West 12th St. Garage Corp. did not intend to abandon defense of the action. (*See, Simpson v Aperitivo, Inc.,* 97 AD2d 710 [1st Dept 1983].) Further, plaintiffs have made no showing that they were prejudiced by the delay at issue.

It is unnecessary to condition vacatur and reinstatement of the answer upon defendant's compliance with the outstanding discovery requests, since all information properly requested and available has been provided. Defendant has not willfully withheld information which should have been disclosed. The September 16 order constitutes the law of the case as to Brown's alleged failure to answer questions about his drug use and any prior criminal convictions. (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:7, p 647.) Plaintiff may not circumvent the order by requesting the same information in the form of statements. Hence, the order precludes requests numbered 8 and 9. Inasmuch as plaintiffs make no showing that the court had been advised of Brown's unavailability when it rendered the September 16 order, the transcript of Brown's examination before trial may now be deemed signed in his absence pursuant to CPLR 3116 (a). Concur — Murphy, P. J., Carro, Bloom, Milonas and Rosenberger, JJ.