■ DONATO IAN, Respondent, v A. RICHARD GOLUB, Appellant.—Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered on December 18, 1984, granting plaintiff's motion to vacate a default and reinstating the complaint, is affirmed, without costs.

Plaintiff submitted an affidavit of merit as to his own action and defenses against defendant's counterclaims. In addition, plaintiff's failure to answer interrogatories served upon him, while various motions for summary judgment were pending, was not willful or contumacious. It appears that plaintiff did not serve answers while an appeal was pending on advice of counsel, in anticipation of a stay being granted by the Appellate Division. Shortly after this court denied interim relief, defendant moved to strike the complaint while plaintiff's attorney was on vacation. Plaintiff moved expeditiously to vacate his default and there has been no prejudice shown by defendant. Under the circumstances, Special Term did not abuse its discretion in granting plaintiff a vacatur of his default. Concur—Sandler, Asch, Fein and Rosenberger, JJ.

Kupferman, J. P., dissents in a memorandum as follows: the defendant, a member of the Bar, having successfully obtained for the plaintiff, his then client, the right to a cooperative apartment, *(see, Ian v Wassberg,* 80 AD2d 505, *affd* 55 NY2d 706), became involved in a dispute with his former client regarding fees, among other things, as to which both commenced lawsuits, later consolidated.

The plaintiff former client moved to dismiss counterclaims of the defendant lawyer, and while the motion was pending, the defendant served interrogatories on the plaintiff who refused to answer them based on CPLR 3214 (b).

The motion to dismiss the counterclaims was denied, but the plaintiff here, the former client, continued to refuse to answer

the interrogatories. A motion was made by the defendant to compel discovery, which was granted, and the plaintiff directed to answer within 30 days.

This court denied a stay application. The defendant moved, by order to show cause, to strike the complaint, and the plaintiff defaulted on the return date. The plaintiff moved to open the default and obtained a temporary restraining order with respect thereto.

The defendant's motion to strike the complaint on default was granted and then affirmed by this court, members of the Bench including several of the members of the present Bench (105 AD2d 1168).

Thereafter, the Justice at Special Term, granted the motion to open the default, the appeal by the defendant followed, and the issue before us is whether Special Term abused its discretion in granting plaintiff a vacatur of his default where he failed, for several months, to comply with a court's order for discovery.

While we can affirm the opening on the default on the basis that contested issues should be resolved on the merits (see, Simpson v Aperitivo, Inc., 97 AD2d 710), to fail to impose sanctions for the contumacious behavior of the plaintiff, is to serve notice that the orders of this court and those at Special Term are to be honored only in the breach.

I would modify the order at Special Term to impose costs of $1,000 upon the plaintiff in this action.