■ LAVERNE ENNIST et al., Appellants, v LAWRENCE SHEPHERD et al., Defendants, CENTRAL DUBOIS VANS, CABS, INC., et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Donovan, J.), dated July 24, 1984, as granted the respondents' motion for an order of protection limiting discovery and inspection of certain financial records named in a notice for discovery and inspection dated March 21, 1984, to a period of one year prior to the accident.

Order modified, by striking the provision limiting discovery and inspection for a period of one year prior to the accident and substituting therefor a provision granting discovery and inspection for a period of two years prior to the accident. As so modified, order affirmed insofar as appealed from, with costs to plaintiffs.

The plaintiffs failed to appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated February 15, 1984, which limited their notice for discovery and inspection dated September 29, 1983 to certain financial records of the respondents for a period of one year prior to the date of the accident in which plaintiffs allegedly suffered personal injuries. Such order became the law of the case with respect to a court of coordinate jurisdiction and was properly followed by Special Term when it made the order which is the subject of our review. However, the doctrine of the law of the case does not apply in a court which is required to review the later order on appeal (see, Adelphi Enters. v Mirpa, Inc., 33 AD2d 1019; 10 Carmody-Wait 2d, NY Prac § 70.406). The plaintiffs are engaged in an effort to pierce the respondents' corporate veils, demonstrate that all of the corporate respondents are inseparable components of a larger corporate entity, and impose liability for the plaintiffs' alleged injuries upon all of the

respondents. In furtherance of that effort, the plaintiffs should be entitled to examine the relevant financial records of the respondents demanded in the notice for discovery and inspection dated March 21, 1984 for the two-year period preceding the accident. Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.