■ DRESDNER BANK, AKTIENGESELLSCHAFT, Respondent, v ALEXANDER EDELMAN, Appellant.—Order, Supreme Court, New York County (Glen, J.), entered May 16, 1986, which denied defendant's motion for a stay of trial on damages pending an examination before trial, and which imposed sanctions upon the attorneys for the defendant, unanimously modified, on the law and facts and in the exercise of discretion, the imposition of sanctions stricken, and otherwise affirmed, without costs.

Plaintiff is a West German bank which brought an action against defendant, a German citizen residing in New York, to recover on loans it made to him between 1973 and 1976. Supreme Court granted summary judgment on liability to the plaintiff, and directed an assessment of damages. That grant of summary judgment was affirmed by this court (117 AD2d

1024). In its decision directing summary judgment, Supreme Court directed plaintiff to submit to an examination by defendant prior to the assessment of damages. In October 1985, plaintiff's attorneys offered the deposition of Dr. Brandt, plaintiff's witness. This offer was refused by defendant's counsel. On May 12, 1986, defendant's counsel was informed that Dr. Brandt would be available for examination on May 14, 1986. This offer was similarly declined. On May 15, 1986, defendant moved to strike plaintiff's note of issue and statement of readiness and to postpone the trial claiming lack of opportunity to complete discovery. A demand for trial by jury was also made by defendant.

By twice refusing plaintiff's offer of a deposition of its witness, the defendant waived the right to take such a deposition. *(Baranyk v Baranyk,* 73 AD2d 1004 [3d Dept 1980]; *Polsinelli v Hanover Ins. Co.,* 62 AD2d 376 [3d Dept 1978]; *Marzello v Kiamesha Concord,* 26 AD2d 986 [3d Dept 1966].) It is to be noted that defendant in this action twice changed attorneys during the over four years that the action was pending and was aware that plaintiff's witness, Dr. Brandt, had to come from West Germany to New York for the purpose of this litigation.

The Court of Appeals has noted that a court may not impose sanctions in the absence of a statute or court rule authorizing their imposition. *(Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1 [1986].) There is neither a statute nor court rule authorizing sanctions in a case such as this one. Concur—Carro, J. P., Asch, Rosenberger, Ellerin and Wallach, JJ.