■ ORLANDO C. FRANCIONE et al., Respondents-Appellants, v DONALD R. BIRNBAUM, Defendant, and AMERICAN MEDICAL SYSTEMS, INC., Appellant-Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In 1981, plaintiff underwent surgery for the implantation of a prosthesis. The device required repair, and plaintiff subsequently had further surgery during which the allegedly defective parts of the prosthesis were removed. This action was commenced against the physician who initially implanted the device and the manufacturer of the prosthesis.

In November 1985, plaintiff moved for the examination before trial of American Medical Systems (AMS), the manufacturer. The court granted the motion and directed AMS to be deposed "through individual(s) with knowledge of the underlying action" at the office of plaintiff's counsel in Syracuse. The court further directed that if AMS failed to comply, its answer would be stricken.

AMS produced its product development engineer, John

Westrum, for examination. Thereafter, plaintiff's counsel served a notice for production of numerous documents. Defendant refused to comply with the demand for a copy of depositions given by Westrum in other cases involving failure of the prosthesis as well as a list of other AMS employees or former employees who had been deposed in other cases, along with the name of the case, length of deposition, costs to copy and the present custodian of those depositions.

In January of 1986, a different Judge was assigned to this action as part of implementation of the Individual Assignment System (IAS). In May of 1986, plaintiff instituted the present motion before the IAS Judge, seeking an order striking AMS' answer because AMS failed to produce employees knowledgeable with respect to some 13 enumerated items relevant to plaintiff's preparation for trial, and an order directing AMS to comply with plaintiff's notice for discovery. The IAS Judge did not rule upon the request to strike the answer and instead, directed AMS to appear for further examination before trial at its headquarters in Minnetonka, Minnesota. AMS was further directed to produce the Westrum depositions as well as the depositions of other employees. The IAS Judge also directed that the costs of taking the depositions in Minnesota would be a taxable cost to the prevailing party.

We conclude that the court erred by directing that future examinations of AMS be held in Minnesota as an alternative to plaintiff's motion to strike. Assuming, arguendo, that the court was authorized to modify the order of another Judge of coordinate jurisdiction (see, CPLR 2221 [b]; 22 NYCRR 202.3 [b]), the prior directive that AMS produce "individual(s)" with knowledge of the facts of the case at the office of plaintiff's counsel in Syracuse constitutes the law of the case (see, George W. Collins, Inc. v Olsker-McLain Indus., 22 AD2d 485, 489). Absent some material change in the circumstances underlying the initial order (and this record discloses none), the court was obliged to enforce the existing order of the court. At the very least, that required that further examinations be held at the office of plaintiff's counsel in Syracuse.

We disagree with AMS' claim that the depositions constitute material prepared for litigation and are privileged (see, Rodriguez v City of New York, 29 AD2d 962, appeal dismissed 26 NY2d 833; Johnson, Drake & Piper v State of New York, 62 Misc 2d 725). We discern no basis in the record, however, for the court's direction that AMS produce depositions of employees other than Westrum. That directive exceeds the demand

served by plaintiff as well as the request by plaintiff in his moving papers.

Therefore, we modify the order to direct that AMS produce knowledgeable individuals for deposition in accordance with the initial December 1985 court order and that AMS respond to the discovery demands contained in paragraphs numbered 1 and 2 of plaintiff's discovery notice. We delete the directive that the costs of taking depositions be borne by the unsuccessful party. In all other respects, the order is affirmed. (Appeals from order of Supreme Court, Onondaga County, Murphy, J.—discovery.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.