■ WATSON S. JAMES et al., Plaintiffs, and MARY A. NORDE-
MAN et al., Respondents, v GREG HOFFMAN et al., Defendants,
and MARIANNE NESTOR et al., Appellants. 15 EAST 63RD
STREET COMPANY, Petitioner, v CARROLL COOK et al., Respon-
dents.—

Supreme Court erred in granting plaintiffs-respondents' mo-
tion to vacate the default judgment entered against them
after they failed on several occasions to appear in opposition
to defendants-appellants' motion for summary judgment. Re-
spondents' motion to vacate was supported only by an affirma-
tion of counsel which fails to provide either a valid excuse for
the default or to show that respondents have a meritorious
claim *(Tat Sang Kwong v Budge-Wood Laundry Serv.,* 97
AD2d 691 [1st Dept 1983]). Although respondents' counsel
obtained an adjournment of the summry judgment motion, he
failed to appear on the adjourned date before the matter was
reassigned to an IAS Part. Counsel also failed to monitor the
progress of the motion. Notices that the case had been reas-
signed and placed on the calendar in an IAS Part, and that an
order granting the motion had been entered, were all duly
published in the New York Journal. Even if such law office
failure was sufficient to excuse the neglect of this action,
respondents have failed to establish that they have a meritori-
ous claim.

The affirmation in support of the motion to vacate contains
only conclusory assertions by counsel who has no personal
knowledge of the facts regarding respondents' claims for in-
tentional infliction of emotional distress, prima facie tort and
harassment. Thus, counsel's affirmation falls short of provid-
ing the required evidentiary facts, in admissible form, which
would establish that the defaulting party has a meritorious
claim *(Matter of State of New York v Wiley,* 117 AD2d 856 [3d
Dept 1986]; *Wasserman v Manoco Co.,* 100 AD2d 758 [1st Dept
1984]; *Becker Wrecking & Salvage Corp. v Pinebrook Constr.
Corp.,* 22 AD2d 976 [3d Dept 1964]). Supreme Court therefore
abused its discretion in granting the motion to vacate the
default judgment against respondents. Concur—Murphy, P. J.,
Asch, Kassal and Rosenberger, JJ.