ROBERT COSENZA, as Father and Natural Guardian of ROBERT COSENZA, JR., an Infant, Respondent, v THEODORE J. MALVIN, as Executor of RALPH A. SANTINI, Deceased, Appellant, et al., Defendant.—

According to the defendant Theodore J. Malvin, executor of the estate of Ralph A. Santini, M.D. (hereinafter Malvin), the note of issue, which the record reflects was filed in 1983, was served in response to his demand pursuant to CPLR 3216 to serve and file a note of issue within 90 days. By order entered

January 3, 1986, the Supreme Court, Westchester County (Ferraro, J.), denied his application for vacatur of the note of issue and leave to conduct disclosure. On June 25, 1987, the plaintiff obtained an adjournment of the hearing before the medical malpractice panel because of his attorney's illness. On the same day, Malvin, appearing alone before the court for a pretrial conference, was successful in having the case marked "off" on oral motion. He took no steps thereafter to obtain disclosure save in response to the plaintiff's motion to restore the case to the calendar almost one year later (see, CPLR 3404). The granting of that motion is not at issue on this appeal.

With respect to Malvin's cross motion for virtually the same disclosure which he unsuccessfully sought in late 1985, the Supreme Court correctly determined that it was bound by the prior order denying the disclosure (see, George W. Collins, Inc. v Olsker-McLain Indus., 22 AD2d 485). Although we are not bound by the law of the case as fixed by the Supreme Court (see, Martin v City of Cohoes, 37 NY2d 162, 165; Scott v Transkrit Corp., 91 AD2d 682), we conclude that Malvin has waived his right to conduct disclosure by serving a demand for a note of issue (see, Siragusa v Teal's Express, 96 AD2d 749) and by failing to seek it in the period after the case was marked "off" and before the case was restored to the calendar. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.