■ In the Matter of JAMAICA TOBACCO & SALES CORP. STEPHEN FROHLICH, Appellant; SEYMOUR GILLMAN, as Assignee for the Benefit of the Creditors of JAMAICA TOBACCO & SALES CORP., Respondent. [640 NYS2d 810] —In a proceeding to settle the final report and account of Seymour Gillman as assignee for the benefit of the creditors of Jamaica Tobacco & Sales Corp., creditor Stephen Frohlich appeals from an order of the Supreme Court, Queens County (Smith, J.), dated November 22, 1994, which, among other things, granted the assignee's motion to settle the final report and account and denied his cross motion to direct certain discovery.

Ordered that the order is affirmed, with costs.

The Supreme Court acted correctly in denying the appellant's cross motion for discovery as it pertained to the destroyed books and records of Jamaica Tobacco & Sales Corp. The court was compelled to do so by reason of the doctrine of law of the case *(see, Detko v McDonald's Rest.,* 198 AD2d 208, 209; *Ennist v Shepherd,* 117 AD2d 580). The Supreme Court's incorrect reliance upon *Gillman v Chase Manhattan Bank* (73 NY2d 1), a separate action commenced by the assignee which did not address the issue at bar, was harmless error and does not mandate a reversal since the record supports the court's determination *(see, Menorah Nursing Home v Zukov,* 153 AD2d 13, 19; *see also, Edgreen v Learjet Corp.,* 180 AD2d 562). Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.