■ BETTY L. KIMMEL et al., Appellants-Respondents, v STATE OF NEW YORK et al., Respondents-Appellants. (Appeal No. 1.) [690 NYS2d 383] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: These are appeals by plaintiffs and cross appeals by defendants from two discovery orders. In appeal No. 1, plaintiffs appeal from an order insofar as it ordered that plaintiffs must pay defendants 15 cents per page plus an amount for an employee's time to copy all documents produced by defendants; that defendants need not produce police personnel files of nonparties; that audiotapes of depositions of two defendants shall be inadmissible; and that defendants submit to the court for in camera review items sought in plaintiffs' notice of discovery and inspection (except those nonparty materials that the court protected from disclosure). Defendants cross-appeal from that order insofar as Supreme Court directed them to submit personnel records for in camera review without first conducting a hearing pursuant to Civil Rights Law § 50-a.

In appeal No. 2, plaintiffs appeal from an amended order

that granted renewal or reargument to defendants, "modifie[d] and revise[d]" the prior order by directing that the depositions of defendants James W. McMahon and David M. Luitweiler be held in Albany, and ordered that plaintiffs pay the costs of such depositions. Defendants cross-appeal from that amended order insofar as it denied their motion for renewal or reargument concerning the submission of personnel files for the court's in camera review.

Insofar as pertinent to our disposition of the case, plaintiffs contend that prior orders in the case, none appealed by defendants, constitute the law of the case and preclude defendants from relitigating the issues of document discovery and the location of the McMahon and Luitweiler depositions; that defendants failed to demonstrate their entitlement to reargument/renewal concerning the location of the depositions; that plaintiffs should not have been assessed with the costs of those depositions or with copying costs; and that audiotapes of the depositions of defendants Steve LaLonde and Linda Stevens-Wagner are admissible. On their cross appeal, defendants contend that the court erred in ordering in camera review of defendants' police personnel files without first conducting a hearing pursuant to Civil Rights Law § 50-a.

The law of the case requires defendants to turn over all documents identified in plaintiffs' original discovery request and precludes defendants from again raising Civil Rights Law § 50-a as an obstacle to disclosure. Plaintiffs served their discovery notice in July 1995, requesting the personnel records of Betty L. Kimmel (plaintiff), the individual defendants, and 17 other officers who were alleged to have played a part in the acts of discrimination, harassment and retaliation against plaintiff. Defendants promptly opposed plaintiffs' discovery notice, arguing, among other grounds, that it sought information protected from disclosure by Civil Rights Law § 50-a. The court impliedly or explicitly rejected those arguments in its oral orders of August and September 1995 and in its written orders entered in December 1995 and February 1997. Defendants failed to appeal from those orders, which thus constitute the law of the case concerning the proper scope of document discovery and, in particular, the applicability of Civil Rights Law § 50-a (*see, Matter of Jamaica Tobacco & Sales Corp.*, 226 AD2d 464; *Cosenza v Malvin*, 158 AD2d 653, 654; *Post v Post*, 141 AD2d 517, 517-518; *Francione v Birnbaum*, 134 AD2d 850, 851; *Bonavita v Crudo*, 124 AD2d 619, 620; *Ennist v Shepherd*, 117 AD2d 580; *Rivera v 101 W. 12th St. Garage Corp.*, 111 AD2d 622, 624; *Golden v Golden*, 100 AD2d 952, *lv dismissed* 63 NY2d

609; *Holloway v Cha Cha Laundry*, 97 AD2d 385, 386). The court erred in failing to treat its prior orders as final and binding on those issues (*see, Cosenza v Malvin, supra,* at 654; *Holloway v Cha Cha Laundry, supra,* at 386). Moreover, given that the CPLR requires that objections to discovery be made within 20 days of service of a notice (*see,* CPLR 3120 [a]; 3122 [a]), it was improper for the court to reconsider defendants' arguments almost two years after service of the discovery notice.

For similar reasons, the court erred in granting renewal or reargument and in ordering that the McMahon and Luitweiler depositions take place in Albany. In serving their deposition notices in July 1995, plaintiffs properly scheduled the depositions in Rochester, where the action is pending (*see,* CPLR 3110 [1]). In its two prior written orders, as in its prior oral orders, the court ordered that defendants produce McMahon and Luitweiler for depositions. The obvious effect of those orders was that the depositions take place, as noticed, in Rochester. Defendants did not contend otherwise until July 1997, when they raised a hardship issue in opposition to plaintiffs' motion to compel. Even then, the court rejected the claims of hardship and specifically ordered that the depositions take place in Rochester. Given those prior orders, the first four of which were not appealed and the fifth of which was on appeal when the amended order was entered, the court should not have ordered that the depositions take place in Albany (*see, Francione v Birnbaum, supra,* at 851). In any event, defendants' motion, though styled as one for reargument, in essence sought renewal. Renewal did not properly lie, however, because the additional proof could have been submitted on the earlier motion. Finally, defendants' showing of inconvenience is unpersuasive and defendants' conclusory allegations of hardship insufficient (*see, Carella v King*, 198 AD2d 567, 568; *Foley v Haffmeister*, 156 AD2d 541, 542-543; *Kahn v Rodman*, 91 AD2d 910, 910-911).

We take this occasion to note our strong disapproval of the obstructionist and delaying tactics carried out by defendants and tolerated by the court. This action was commenced four years ago and is still in the initial stages of discovery. We urge the court to move this matter expeditiously.

In light of our disposition, we need not consider the parties' contentions concerning the proper interpretation of Civil Rights Law § 50-a. We also need not consider the contention of plaintiffs that they should not have been assessed the costs of taking the depositions of Luitweiler and McMahon in Albany.

We have considered the remaining contentions of the parties and conclude that they are without merit.

We modify the order in appeal No. 1 by vacating the first, fifth, and seventh ordering paragraphs and by directing defendants to comply with plaintiffs' discovery notice and the prior orders in the case. We modify the amended order in appeal No. 2 by vacating the first ordering paragraph. (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.— Discovery.) Present—Denman, P. J., Green, Pine, Lawton and Hurlbutt, JJ.