■ CHERYL ANDREA et al., Respondents, v E.I. DU PONT DE NEMOURS & Co. et al., Defendants, and ARNONE, HEDIN, CASKER, KENNEDY AND DRAKE ARCHITECTS AND LANDSCAPE ARCHITECTS, P. C. (HABITERRA ASSOCIATES), et al., Appellants. (Action No. 1.) SHIRLEY DIETZ, Individually and as Parent and Natural Guardian of SCOTT FROST, et al., Respondents, v JAMESTOWN PUBLIC SCHOOLS et al., Appellants, et al., Defendants. (Action No. 2.) ELDEN J. FRANCISCO et al., Individually and as Parents and Natural Guardians of CHRISTY FRANCISCO, et al., Respondents, v JAMESTOWN PUBLIC SCHOOLS et al., Appellants, et al., Defendants. (Action No. 3.) KAREN SEEKINGS, Individually and as Parent and Natural Guardian of CHRISTINA TERRY, Respondent, v JAMESTOWN CITY SCHOOL DISTRICT et al., Defendants, and NICHTER CONSTRUCTION Co., INC., et al., Appellants. (Action No. 4.) (Appeal No. 1.) [735 NYS2d 843] —Appeals unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Reargument.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Gorski, JJ.

town Public Schools et al., Appellants, et al., Defendants. (Action No. 2.) Elden J. Francisco et al., Individually and as Parents and Natural Guardians of Christy Francisco, et al., Respondents, v Jamestown Public Schools et al., Appellants, et al., Defendants. (Action No. 3.) Karen Seekings, Individually and as Parent and Natural Guardian of Christina Terry, an Infant, Respondent, v Jamestown City School District et al., Defendants, and Nichter Construction Co., Inc., et al., Appellants. (Action No. 4.) (Appeal No. 2.) [735 NYS2d 683] —Order unanimously reversed on the law without costs, motion denied and final order of dismissal of complaints against defendants Arnone, Hedin, Casker, Kennedy and Drake Architects and Landscape Architects, P. C. (Habiterra Associates), Hercules Incorporated and Lees Carpeting reinstated. Memorandum: Plaintiffs in these four negligence actions consolidated for discovery seek damages for personal injuries allegedly resulting from exposure to toxic materials during the renovation of a school. Upon motion by defendants seeking dismissal of the complaints based on plaintiffs' noncompliance with eight discovery orders, Supreme Court in July 1999 granted a conditional order of dismissal (see, CPLR 3126). The conditions imposed included a direction that plaintiffs comply with all previously ordered disclosure. In May 2000 the court granted a final order of dismissal, having determined that the conditions of the July 1999 order had not been met, and this Court affirmed the May 2000 order (Andrea v E.I. du Pont de Nemours & Co., 284 AD2d 921).

During the pendency of that appeal, plaintiffs moved to renew or reargue the final order of dismissal on the ground that they had engaged new counsel who could "complete all outstanding discovery, within 60 days." Although the court rejected that purported "new fact" as a ground for renewal, it *sua sponte* granted reargument on the issue whether it had erred in dismissing the complaints against three defendants who had not served discovery demands on their own behalf, but instead had relied on demands served on behalf of other defendants. Upon reargument, the court set aside its final order of dismissal with respect to defendants Arnone, Hedin, Casker, Kennedy and Drake Architects and Landscape Architects, P. C. (Habiterra Associates) (Habiterra), Hercules Incorporated (Hercules), and Lees Carpeting (Lees) and reinstated the complaints against them. The court erred both in granting the motion to reargue with respect to those three defendants and in setting aside its final order of dismissal with respect to them.

A motion to reargue "may be granted only upon a showing

that the court overlooked or misapprehended the facts or the law, or for some reason mistakenly arrived at its earlier decision" (*Matter of Mayer v National Arts Club*, 192 AD2d 863, 865, citing *Foley v Roche*, 68 AD2d 558; *see*, CPLR 2221 [d] [2]; *Dixon v New York Cent. Mut. Fire Ins. Co.*, 265 AD2d 914). Here, the court properly concluded that the entry of new counsel into the case did not support renewal, and properly declined to grant reargument on that ground. "Once the court found that plaintiffs had failed to set forth any grounds upon which to grant renewal or reargument, it should have concluded its analysis and denied the motion" (*Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 28, *lv denied and dismissed* 80 NY2d 1005, *rearg denied* 81 NY2d 782).

Even assuming, arguendo, that reargument was properly granted, we further conclude that the court erred in setting aside its final order of dismissal with respect to Habiterra, Hercules and Lees and reinstating the complaints against them. The July 1999 conditional order of dismissal was granted upon motion and expressly inured to the benefit of all defendants, including those three. No appeal was taken from that order, and thus it became the law of the case, binding upon the court as well as the parties (*see, Kimmel v State of New York*, 261 AD2d 843, 844-845; *Ennist v Shepherd*, 117 AD2d 580; *Holloway v Cha Cha Laundry*, 97 AD2d 385, 386). Although a court may disregard the doctrine of law of the case in "extraordinary circumstances" (*Welch Foods v Wilson*, 262 AD2d 949, 950), no such circumstances are present here. The conditional order of dismissal was based upon plaintiffs' numerous prior failures to conform to discovery demands and orders, including an order directing, *inter alia,* that plaintiffs furnish all defendants with evidence of exposure, injury, causation, and damages. Plaintiffs' reliance on *Zletz v Wetanson* (67 NY2d 711) is misplaced. In *Zletz (supra,* at 713-714), only one of four defendants moved for an order compelling disclosure, and disclosure with respect to the three nonmoving defendants had been regarded by the motion court "as stayed by virtue of CPLR 3214 (b)." Here, Habiterra, Hercules and Lees moved for dismissal and were granted a conditional order of dismissal, and those defendants were thus as entitled to the final order of dismissal as were the other defendants. We therefore reverse the order, deny the motion to reargue and reinstate the final order of dismissal of the complaints against Habiterra, Hercules and Lees.

In view of our determination, we do not address defendants' remaining contentions on appeal. (Appeals from Order of

Supreme Court, Chautauqua County, Gerace, J.—Reargument.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Gorski, JJ.