OPINION OF THE COURT
Per Curiam.
Final judgments each entered March 13, 2012, reversed, with $30 costs, and matters remanded to Civil Court for further proceedings on the holdover petitions. Appeals from order, entered March 5, 2012, dismissed, without costs, as subsumed in the appeal from the final judgments. The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the final judgments (see CPLR 5501 [a] [1]). Appeal by respondent Waitman from the March 5, 2012 order is dismissed, without costs, as the right of direct appeal therefrom terminated with the entry of final judgment against him on April 12, 2012.
Petitioners, the owners of a cooperative residential building located on East 66th Street in Manhattan, commenced these holdover eviction proceedings at various times between June 2006 and June 2007, following the expiration of the rental leases governing respondents-appellants’ unregulated tenancies. The proceedings, ultimately consolidated, have been vigorously litigated since their inception, spawning several prior applications and appeals to this court and the Appellate Division. This round of the battle involves respondents-appellants’ motion for leave to conduct discovery in connection with their lone remaining defense of retaliatory eviction (see Real Property Law § 223-b). For reasons that follow, we sustain the denial of the discovery motion, albeit on narrower grounds than set forth below, but *26 vacate the final judgments subsequently issued against all but one of the named respondents-appellants.*
From a procedural perspective, appellants’ discovery motion, filed within 11 months of an (unappealed) order denying appellants’ prior motion for similar relief, was precluded by the law of the case doctrine (see Kimmel v State of New York, 261 AD2d 843 [1999]), absent a material change of circumstances not here shown (see Francione v Birnbaum, 134 AD2d 850, 851 [1987]; see and compare Foley v Roche, 86 AD2d 887 [1982]). Nor do appellants fare better on the merits of the more recent of their two discovery motions. In the context of this long-pending “summary” eviction proceeding and considering the welter of documents bearing on the retaliation issue previously obtained by appellants pursuant to subpoena, we cannot say that appellants demonstrated “ample need” for additional information on that issue (see New York Univ. v Farkas, 121 Misc 2d 643 [1983]).
To the extent the motion court, in the context of its discovery ruling, appears to have held that appellants lack standing in the first instance to assert a statutory retaliatory eviction defense (“Respondents[-appellants] are not tenants who may utilize RPL § 223-b”), the court strayed from the mark. In this regard, it need be emphasized that the court raised the issue of standing on its own initiative, petitioners having eschewed any such argument in their submission opposing appellants’ discovery motion or by way of a motion to strike appellants’ retaliatory eviction defense. While we appreciate the court’s stated objective to “avoid further protraction” of this litigious matter, we must also acknowledge that the court’s unsolicited treatment of the unraised issue of standing effectively deprived appellants of an opportunity to be heard on that issue. Beyond the resultant surprise and prejudice to appellants, the court’s resolution of the standing issue was substantively flawed. True, in an earlier phase of this litigation, appellants, members of the building’s tenants’ organization, were denied protection under the Martin Act (General Business Law § 352-eeee; see MH Residential 1, LLC v Barrett, 78 AD3d 99 [2010]), with Justice Saxe, writing *27 for a unanimous First Department panel, stating the applicable legal principle to be as follows: “Where an unregulated tenancy has expired, absent some special circumstance, the tenant retains only the minimal protections applicable to the common-law ‘tenant at sufferance’ ” (at 104). However, no matter how limited the rights of a tenant at sufferance may be (see 2 Robert F. Dolan, Rasch’s Landlord and Tenant — Summary Proceedings §§ 30:37, 30:39 [4th ed]), we do not construe the Appellate Division holding in this case’s earlier incarnation so broadly as to preclude appellants from invoking the retaliatory eviction statute, which by its terms prohibits a landlord from “refusing] to continue a tenancy of the tenant or, upon expiration of the tenant’s lease, to renew the lease or offer a new lease” (Real Property Law § 223-b [2]) in retaliation for certain species of tenant conduct, including a “tenant’s participation in the activities of a tenant’s organization” (§ 223-b [1] [c]). Indeed, adoption of the expansive construction urged by petitioners would effectively gut the Appellate Division’s clear directive that the matter be remanded for determination of appellants’ “remaining claims and defenses” (MH Residential 1, LLC v Barrett, 78 AD3d at 105), a remand order which necessarily includes appellants’ pleaded defense of retaliatory eviction.
In the unusual procedural posture of this case, and giving proper effect to the parties’ post-order stipulation agreeing that appellants were “precluded from prosecuting [their] affirmative defense of retaliatory eviction” by reason of the court’s discovery order and reserving appellants’ right to appeal from that order and any ensuing judgments, we are compelled to vacate the final judgments subsequently issued in petitioners’ favor following a truncated trial that consisted solely of the submission of the pleadings and the aforementioned stipulation.
Shulman, J.E, Hunter, Jr., and Torres, JJ, concur.

 The holdover proceeding brought against respondent Waitman was separately tried to completion, resulting in a final judgment entered in petitioners’ favor. Since Waitman’s right to appeal from the interlocutory discovery order terminated upon entry of the final judgment against him (see Matter of Aho, 39 NY2d 241, 248 [1976]; MH Residential 1, LLC v Barrett, 102 AD3d 562 [2013]), we dismiss his present appeal while acknowledging that the issues raised herein by Waitman are reviewable upon his separately pending appeal from the final judgment.