| |
|---|
| **Meshoyrer v Karen E. Thornton, M.D., P.C.** |
| 2026 NY Slip Op 31026(U) |
| March 17, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 153272/2023 |
| Judge: Matthew V. Grieco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. MATTHEW V. GRIECO</u>          PART          30M

*Justice*

-------------------------------------------------------------------------X

SVETLANA MESHOYRER, MICHAEL KAPLAN

Plaintiffs,

- v -

KAREN E. THORNTON, M.D., P.C., KAREN THORNTON,

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153272/2023 |
| MOTION DATE | 10/09/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION AND CROSS-MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 37, 38

were read on this motion and cross-motion          <u>TO PRECLUDE/COMPEL</u>.

Upon the foregoing documents, and for the reasons stated *infra*, plaintiffs' motion is denied, and defendants' cross-motion is granted in part.

Plaintiff Svetlana Meshoyrer, with her husband, plaintiff Michael Kaplan, suing derivatively, commenced this action for personal injuries allegedly sustained as the result of being struck by improperly secured metal tentpoles of a mobile COVID-19 testing site operated by defendants, Karen E. Thornton, M.D., P.C. and Karen Thornton (NYSCEF Doc. No. 1 [summons and complaint]).

About one hour into Meshoyrer's deposition, counsel were unable to resolve their competing views of the permissible scope of questioning (NYSCEF Doc. No. 25 [EBT transcript]), and this motion practice ensued.

Plaintiffs move pursuant to CPLR 3103 for a protective order to limit or preclude any further deposition of Meshoyrer (NYSCEF Doc. No. 22, 24).

Defendants cross-move: (1) pursuant to CPLR 3103 to compel Meshoyrer to appear for further deposition without interference; (2) pursuant to CPLR 8501(a) and

**153272/2023  MESHOYRER, SVETLANA ET AL vs. KAREN E. THORNTON, M.D., P.C. ET AL**          **Page 1 of 5**
**Motion No.  002**

1 of 5

[* 1]

8503 to direct plaintiffs to post security for costs; and (3) pursuant to 22 NYCRR 130-1.1 for sanctions for frivolous conduct (NYSCEF Doc. Nos. 26-27).

Plaintiffs complain that defense counsel repeatedly asked Meshoyrer the same questions after she gave a response, and that they improperly tried to question her about her medical records. Defendants maintain that their queries were not repetitious but sought different information, and that they were using the medical records to confront Meshoyrer and question her on matters within her ken. According to plaintiffs, defendants were nevertheless obligated to continue with the rest of the deposition, and their unilateral decision to terminate it constituted a waiver of any right to continue it now.

CPLR 3103(a) provides that:

> The court may at any time on its own initiative, or on motion of any party or of any person from whom or about whom discovery is sought, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.

Although the better course would have been for defendants to continue with as much of the deposition as they could, particularly if they had other topics to explore, it is clear that the parties had reached an impasse, and both explicitly noted they would need court rulings to resolve it.

The Appellate Division cases cited by plaintiffs are distinguishable (*see Dresdner Bank, Aktiengesellschaft v Edelman*, 133 AD2d 19, 20 [1st Dept 1987] ["By twice refusing plaintiff's offer of a deposition of its witness, the defendant waived the right to take such a deposition"]; *Cosenza v Malvin*, 158 AD2d 653 [2d Dept 1990] [defendant waived the right to further depositions by serving a demand for a note of issue]). The

**153272/2023  MESHOYRER, SVETLANA ET AL vs. KAREN E. THORNTON, M.D., P.C. ET AL**          **Page 2 of 5**
**Motion No. 002**

2 of 5

[* 2]

New York County Supreme Court case cited by plaintiffs, *Yang v Knights Genesis Group* (__ Misc3d __, 2023 NY Slip Op 30770[U] [Sup Ct, NY County 2023]) supports the proposition that any consequence depends on the circumstances; there, two individuals who had baselessly cancelled their depositions were directed to appear or suffer the striking of their pleadings, while the further deposition of another person was precluded because the requesting side had unilaterally cancelled the original deposition after she had travelled at great expense. To the extent *Williams v Hicks* (31 Misc3d 605 [Sup Ct, Dutchess County 2011]) could be read as evincing a rule of automatic forfeiture, it is not binding on this Court, which declines to follow it (*see* CPLR 3113[b] ["the deposition shall proceed subject to the right of a person to apply for a protective order. The deposition shall be taken continuously and without unreasonable adjournment, unless the court otherwise orders"]; 22 NYCRR 221.2 ["If the deponent does not answer a question the examining party shall have the right to complete the remainder of the deposition"]). Accordingly, plaintiffs' request to preclude any further deposition of Meshoyrer is denied, and defendants' application to compel a continued deposition is granted.

Regarding the proper scope of a continued examination, plaintiffs are correct that Meshoyrer should not be questioned about expert medical opinions on which, as a lay person, she is not qualified to address, but that does not mean defendants are wholesale prohibited from asking her any questions about her own medical records (*see Huff v Rodriguez*, 64 AD3d 1221, 1222-1223 [4th Dept 2009] [proper to use witness's medical records in cross-examining her concerning certain medications, in order to establish whether they affected her ability to perceive and remember events in connection with the accident], *app withdrawn* 16 NY3d 741 [2011]; *Mohamed v Cellino & Barnes, P.C.*,

**153272/2023  MESHOYRER, SVETLANA ET AL vs. KAREN E. THORNTON, M.D., P.C. ET AL**     **Page 3 of 5**
**Motion No.  002**

3 of 5

300 AD2d 1116 [4th Dept 2002] [defendant properly allowed to cross-examine plaintiff with respect to her statements in a medical record], *lv denied* 99 NY2d 510 [2003]).

Counsel are directed to resume and complete the deposition, with civility to each other and the witness.

Plaintiffs have not raised any arguments in opposition to defendants' application that, because plaintiffs are not residents of New York State and have not been granted poor person relief, they be required to post security for costs in the amount of $500 (CPLR 8501[a], 8503; *see Clement v Durban*, 32 NY3d 337 [2018], *cert denied* 587 US 1027 [2019]). Plaintiffs are therefore directed to post security within 30 days, during which time the action is stayed (*see* CPLR 8502).

Finally, on this record, plaintiffs' conduct has not been frivolous within the meaning of 22 NYCRR 130-1.1(c), in that their arguments are not "completely without merit in law," and their actions were not "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another."

It is therefore

ORDERED that plaintiffs' motion for a protective order is denied, and it is further

ORDERED that defendants' cross-motion to compel is granted; and it is further

ORDERED that the deposition on oral examination of plaintiff Svetlana Meshoyrer by defendants shall proceed on or before June 5, 2026; and it is further

ORDERED that the application of defendants to direct the posting of security for costs by plaintiffs is granted; and it is further

ORDERED that defendants' cross-motion for sanctions pursuant to Part 130 of the Rules of the Chief Administrator is denied; and it is further

**153272/2023  MESHOYRER, SVETLANA ET AL vs. KAREN E. THORNTON, M.D., P.C. ET AL**          **Page 4 of 5**
**Motion No.  002**

4 of 5

[* 4]

ORDERED that, within 30 days from the date of service of a copy of this order with notice of entry, plaintiffs either (i) pay into the Court the sum of $500.00 (payable in cash, or by credit card (Mastercard, Visa, or American Express), certified check, or bank check) to be applied to the payment of costs, if any, awarded against plaintiffs, or (ii), at their election, file with the Clerk of the Court an undertaking with sufficient surety in a like amount to be applied to the payment of costs, if any, awarded against plaintiffs in this action; and it is further

ORDERED that such filing of an undertaking with the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that, within that 30-day period, plaintiffs serve upon the attorneys for defendants a written notice of the payment or of the filing of such undertaking; and it is further

ORDERED that all further proceedings, except to review this order, are stayed for 30 days from the date of service of a copy of this order with notice of entry (CPLR 8502); and it is further

ORDERED that counsel are directed to appear for a status conference in Room 623, 111 Centre Street, New York, New York on June 18, 2026, at 10:00 AM.

This constitutes the decision and order of the Court.

| 3/17/2026 | | | | | |
|-----------|---|---|---|---|---|
| DATE | | | MATTHEW V. GRIECO, J.S.C. | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153272/2023 MESHOYRER, SVETLANA ET AL vs. KAREN E. THORNTON, M.D., P.C. ET AL**      **Page 5 of 5**
**Motion No. 002**